## LANE v. ALBRIGHT.

PRINCIPAL AND AGENT.—Agent for Sale of Real Estate.—Right to Commission.— Where the owner of real estate agreed with a real estate broker that he would pay him a certain amount if he would find a purchaser within a reasonable time, who would pay a certain price for his real estate, if within such time the broker procured such purchaser, he was entitled to recover his commission, though the owner of the real estate sold the same before the broker found the purchaser.

From the Howard Circuit Court.

M. Bell and A. S. Bell, for appellant.

J. O'Brien, for appellee.

BUSKIRK, C. J.—This was an action by appellant against appellee, for services rendered under a special contract between them in reference to the sale of certain real estate.

Issue, trial by a jury, verdict for appellee, and, over motion for a new trial, judgment on the verdict.

The appellant has assigned for error the overruling of the motion for a new trial.

The material facts are these: The appellee owned one hundred and sixty acres of land near the city of Kokomo, Indiana, which he had been offering for sale for several years.

The appellant was a real estate agent in said city, and on the 12th day of February, 1873, wrote to the appellee at Delaware, Ohio, where he resided, proposing to sell the land for him on commission. The letter was forwarded to Madison, New Jersey, where the appellee was looking after a sick son. The appellee, on the 27th of February, 1873, wrote to appellant from Madison, New Jersey, in which he acknowledged the reception of appellant's letter of the 12th of said month, and, after speaking of family matters, he made the following proposition:

"Since here I refused fifty dollars per acre for my land. I hold it at fifty-five dollars per acre. If you can find a man who will pay fifty-five dollars per acre, one-half down, I will pay you two hundred dollars, if you let me know soon. I hope to be in Del. next week.

"Yours truly,       J. S. ALBRIGHT."

Upon the receipt of this letter, appellant advertised the land for sale in the city papers, and conversed with various persons in reference to the land, and tried to procure a purchaser. On the 20th of March, 1873, appellee went to Kokomo and went home with appellant and took dinner with him. They had a conversation about the sale of the land, in which appellant informed appellee what he had done, and that he had a prospect of finding a purchaser. Appellee did not inform appellant that he had sold the land, or had any immediate prospect of selling the same. About four o'clock P. M. of said day, Marts and Hocker made to appellant a written proposition to purchase said land at fifty-five dollars per acre, one-half cash and the balance in one and two years, with six per cent. interest.

The case made by appellee was this: On the 17th day of February, 1873, L. A. Leach, of the city of Kokomo, wrote to appellee proposing to purchase the land in question, and asking the price and terms. This letter was received by appellee at Madison, New Jersey, and on the same day he wrote to appellant he wrote to Leach to the effect that he had refused fifty dollars per acre for his land since he had been

there; that he had offered to another man at fifty-five dollars per acre, and if he did not take it might rest a time. On the 7th of March, 1873, Leach wrote appellant acknowledging receipt of his letter, and asking the smallest sum he would take, he paying three thousand cash and balance in one and two years, with ten per cent. interest. On the 13th of March, 1873, appellee wrote to Leach that his real price was fifty-five dollars, but as he would have to pay a comission he might have it for fifty-three dollars per acre, three thousand cash and balance in one and two years, with ten per cent. interest per annum, payable annually, appellee to pay taxes and have the crop for that year. On the 15th of March Leach wrote appellee, accepting his proposition, but appellee did not receive this letter before his departure for Kokomo. Leach and appellee met in Kokomo on the morning of the 21st of March, 1873, when Leach informed him that he had written him, accepting his proposition. On the morning of said day, and before he met appellee, Leach went to the office of appellant and informed him of his correspondence with appellee, and that he had written him accepting his proposition, and he believed appellee was trying to dodge him. The trade between Leach and appellee was closed in the forenoon of said day. The deed was made a little before or after twelve M. of said day. Leach testified that appellant had not been instrumental in bringing about his contract with appellee. Leach also testified that appellee said, during the time they were closing up the trade, that he expected appellant would expect a commission, and if he did, that he (Leach) would have to pay it as he had put the price of the land down; but Leach did not agree to pay it.

Upon this evidence, the court instructed the jury as follows:

"1. By the second paragraph of the complaint, the plaintiff seeks to recover upon a contract which he alleges was made by him with the defendant, by which he avers it was agreed that the defendant was to pay him the sum of two hundred dollars if the plaintiff would furnish a purchaser for his, defendant's, real estate in Howard county, Indiana, at the

price of fifty-five dollars per acre, one-half cash down, and let the defendant know thereof soon. The plaintiff further avers that he did, within twenty days from that time, find responsible persons ready and willing to take the land upon these terms, and that said parties, to wit, Marts and Hocker, entered into a written agreement with the said plaintiff for the purchase of said land, and that said defendant was duly notified thereof. If these facts be established by a preponderance of the evidence, you should find for the plaintiff, upon the second paragraph of the complaint, unless the evidence shows that defendant had sold the land before the plaintiff did; in which event the plaintiff would not be entitled to recover, unless it is shown that there was a contract between the parties plaintiff and defendant, that defendant was not to sell the land, or if he did, that he was to pay the plaintiff the amount agreed upon as though he had made the sale himself.

" 2. If the material averments in the second paragraph of the complaint are not established by a preponderance of the evidence, you should find for the defendant. The burden of the proof is upon the defendant to show that he made a sale of the land before the plaintiff did. If that is established, the burden of the proof is upon the plaintiff to show that he was to have compensation if the defendant made the sale, or that by contract the defendant had no right to make a sale."

In both of the instructions, the jury were directed that the plaintiff could not recover, unless they were satisfied from the evidence that he had made a sale of the land before the defendant had sold it. This was making a new contract for the parties. The appellee had obligated himself to pay appellant two hundred dollars, if he could, within a reasonable time, find a man who would purchase the land at fifty-five dollars per acre. The appellant accepted the proposition, and advertised the land for sale. He conversed with various persons in reference to the land. He induced two persons to purchase the land at the price and upon the terms named. The proposition was made on the 27th day of February, 1873, and

the appellant found purchasers on the 21st of March of the same year. This was within a reasonable time. The appellant performed all that he was required by the contract to do, and was prevented by the appellee from selling the land. The appellee disabled himself from carrying out the contract of sale made by appellant. The fact that the appellee had authorized the appellant to sell his land did not deprive himself of the power of selling it, but he could not thereby avoid his liability to appellant.

In *Hawley* v. *Smith*, 45 Ind. 183, it was held, upon full consideration, that the rule is, that when the performance by one party is prevented by the act of the other, the party not in fault should recover in damages such sum as will fully compensate him for the injury which he has sustained by reason of the non-performance of the contract. This principle is directly in point here. The two cases are, in many respects, alike. The appellant seems to have acted in perfect good faith, while it seems that the appellee sold his land at a reduced price, to avoid the payment to the appellant of the sum agreed upon. The appellee cannot thus avoid the obligation of his contract. He made his proposition broad and comprehensive, and imposed no conditions. He might have provided that if he effected a sale of the land before the appellant found a purchaser, he was not to pay him the sum agreed upon. Having failed to do so or impose any other conditions, the courts cannot make a new contract for him or impose conditions not imposed by himself, but must determine the rights of the parties under the contract as made by them.

The judgment is reversed, with costs; and the cause is remanded, with directions for a new trial in accordance with this opinion.