King *v.* King.

---

## KING *v.* KING.

PROMISSORY NOTE.—*Indemnity to Recognizors of one Charged with Crime.*— *Answer.*—*Parol Contract for Satisfaction of Note.*—The recognizors of a married woman indicted for a crime being about to surrender her up, her husband executed to them a promissory note for the amount of the bail-bond, payment being conditioned on her non-appearance in court, for trial. To a complaint on such note, containing the proper averments showing the defendant's liability, the defendant answered, ad-

mitting the execution of the note, but alleging that, when it was executed, it was agreed between the parties thereto, that the defendant should be discharged from all liability thereon, if he should endeavor to procure his wife to appear as recognized, which he had done.

*Held*, on demurrer, that the answer is sufficient.

SAME.—*Non-Appearance of Alleged Criminal. Procured by Recognizors.*—It was also sufficient to answer in such case, that the non-appearance of the wife had been procured by the plaintiffs.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short*, for appellant.

*W. M. Franklin* and *J. R. East*, for appellee.

HOWK, J.—This was a suit by the appellee, against the appellant and one David Weaver, upon a certain written instrument, of which the following is a copy:

"November 26th, 1873. Due to Robert Johnson, David Weaver and John W. King three hundred dollars, *provided* Elizabeth King does not appear at the January term of court if she be able; and, when she appears at said court, this is null and void.

    (Signed)               "AUGUSTIN M. KING."

In his amended complaint, the appellee alleged, in substance, that on the 26th day of November, 1873, one Elizabeth King had been indicted in the Greene Circuit Court, and arrested, on a charge of grand larceny, and the appellee, Robert Johnson and David Weaver had become her bail for her appearance at the next term of said court to answer said charge; that said Elizabeth was the appellant's wife; that said recognizors became apprehensive that said Elizabeth would not appear at said court to answer said charge, and were threatening to arrest her upon a bail-piece, and surrender her to the sheriff of Greene county, to be held in custody, unless other bail should be given to answer said charge; that the appellant, to prevent the arrest and surrender of said Elizabeth to said sheriff on said bail-piece, by his promissory

note of that date promised to pay said recognizors the sum of three hundred dollars, if the said Elizabeth did not appear at the next January term of said court, if she was able; that said note was lost, and a sworn copy of the same was filed with the original complaint herein; that said Johnson assigned, by endorsement thereon, his interest in the said note to the appellee; that said Weaver refused to join with appellee in this action, and therefore he was made a defendant to answer as to his interest in said note; that the said Elizabeth King did not appear at said January term of said court, and was well and able to have done so, if she had desired; and that, in consequence thereof, and of the fact that said Elizabeth left the country and went to parts unknown to appellee, a forfeiture was taken against said recognizors, on said recognizance, and they had been compelled to pay thereon the sum of three hundred dollars. Wherefore, etc.

To this amended complaint, the appellant's demurrer for the want of sufficient facts therein was overruled by the court, and to this decision he excepted. He then answered in four affirmative or special paragraphs. The appellee's demurrers to the second and fourth paragraphs of the answer, for the alleged insufficiency of the facts therein to constitute defences to the action, were sustained by the court, and to these rulings the appellant excepted. To the first and third paragraphs of the answer, the appellee replied by a general denial. The defendant David Weaver made default.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of two hundred dollars. The appellant's motion for a new trial having been overruled, and his exception saved to this decision, the court rendered judgment on the verdict.

The alleged error, chiefly relied upon by the appel-

lant's counsel for the reversal of the judgment below, is the decision of the circuit court in sustaining the appellee's demurrers to the second and fourth paragraphs of the answer.

In the second paragraph of his answer, the appellant admitted the execution of the written instrument described in the complaint, and alleged, in substance, that said Elizabeth King was his wife at that time, and had been arrested on a charge of grand larceny, and had given bond for her appearance, as stated in the complaint; but the appellant averred, that her said recognizors became her sureties without his knowledge, and that, at the time of her arrest, she was living a wandering and lewd life with the appellee and other persons, and had entirely forsaken her home and domestic duties, and that the appellee and her other sureties became her sureties on account and in consideration of their unlawful intercourse with her, the said Elizabeth, without notifying the appellant thereof; that, after the said recognizors had so become the sureties of the said Elizabeth, she returned to the appellant's house, and, as she was the mother of several small children, which the appellant believed to be his children, born in wedlock, he received her back as a wife and mother; that, soon after her said return, the said recognizors represented to the appellant, that they were fearful that the said Elizabeth would forfeit her recognizance and fail to appear to answer said charge, and that they intended to surrender her up, unless the appellant would become her bail; that the appellant then and there told said recognizors that he would not become her bail, and that they could surrender her to the proper officer, whenever they desired; that said recognizors then said they only wanted some instrument from the appellant, in order to make said Elizabeth believe that the appellant

would be liable for the amount of said bond, should she fail to appear, and also to make the appellant feel under obligation to assist them in watching over the said Elizabeth, so that she might be induced to remain and appear to answer said charge, and that, for this purpose, he executed said instrument; that it was expressly agreed, at the time of the execution of said instrument, that the appellant was not to be liable thereon for any money consideration whatever; and it was further agreed, between the appellant and the said recognizors, before and after the signing of said instrument, that the appellant's services, in watching over the said Elizabeth, and in trying to get her to appear at said term of court, were to be received in full satisfaction of said instrument; and the appellant averred, that he did watch over the said Elizabeth, and did use his influence to get her to remain, and that she left his house with an assurance to him that she would return and answer the said charge. Wherefore, etc.

It seems to us, that the facts alleged by the appellant, in this second paragraph of his answer, were amply sufficient, if true, and the demurrer thereto admitted their truth, to constitute a full and complete defence to the appellee's action. Upon the hypothesis that the instrument of writing described in the complaint was, under the facts stated by the appellant in said second paragraph of his answer, a valid, legal and binding contract on his part, and made upon a sufficient consideration, it was certainly competent, we think, for the parties to such instrument, after the execution thereof, to agree, by and between themselves, in what manner, and upon what terms and conditions, the said appellant might pay off, satisfy and discharge the obligations assumed by him in said written instrument. The gist of this paragraph is contained in its closing averments, wherein the appellant

stated, that, after his execution of the instrument sued upon, the payees thereof agreed with him, that, if he would do certain things, which they were apparently interested in the accomplishment of, his services in that regard should be received by them in full satisfaction of the instrument in suit. This was an agreement which the parties to the instrument, after its execution, might lawfully make and carry out; and if it be true, as the appellant has averred in this paragraph of his answer, that the payees of said instrument did make such an agreement with him, and that he had done and performed what he was required to do and perform, under the terms of said agreement, it seems to us that these facts, the truth of which was admitted by appellee's demurrer, would show the full satisfaction of said instrument, and thus constitute a complete bar to any recovery thereon. We are of opinion, therefore, that the demurrer to this second paragraph of answer ought to have been overruled.

In the fourth paragraph of his answer, the appellant admitted his execution of the written instrument sued upon, that said Elizabeth King was his wife, and that she had been indicted for grand larceny, and the payees of said instrument were her recognizors; and the appellant alleged that said recognizors came to the appellant, and represented that they were fearful the said Elizabeth would flee the country and forfeit said recognizance, and that they were going to surrender her on a bail-piece, and that, if the appellant would give them the instrument in suit, they would not so surrender her, but would remain as her sureties and use all their power over her to get her to remain and plead to said charge; that the appellant, relying upon said representations and believing them to be true, signed said instrument; and the appellant averred that said payees did not intend to surrender said Elizabeth upon a bail-piece, but had, at the time of the execution of said instrument,

determined to take or send the said Elizabeth out of the country, so that she might avoid the penalty of the law on said charge of grand larceny; and that they did not try to get her to remain and answer said charge, but, on the contrary, procured her absence, for the purpose of shielding her from punishment and rendering the appellant liable upon said instrument. Wherefore the appellant said that the consideration for said instrument was illegal and void, and the absence of said Elizabeth was procured by said payees, and he asked judgment for costs.

We are of the opinion that the court clearly erred in sustaining the appellee's demurrer to this paragraph of the appellant's answer. It is an elementary rule, that he who prevents a thing being done shall not avail himself of the non-performance he has occasioned. Broom Leg. Max. 195. If the performance of the condition in the written instrument in suit was prevented by the payees of said instrument, if, in other words, the said payees sent the said Elizabeth out of the country and procured her absence, as alleged in said paragraph, we know of no rule of law or equity which would enable them, or either of them, to enforce the instrument in suit against the appellant, and recover of him the amount of money specified therein, or any part thereof. The appellee alleged in his complaint, that the said Elizabeth had left the country and gone to parts unknown. and that she had failed to appear at said January term of court, when she was able so to do; and it is certain that, without such allegations therein, his complaint would not have stated any cause of action against the appellant. If the absence of said Elizabeth, at the January term of the court, was procured by the payees of the instrument in suit, or if she left the country and went to parts unknown by their procurement, it seems to us that these alleged facts, if sustained by sufficient evidence, would constitute a complete defence to the

appellee's action. The payees of the instrument sued on, by its express terms, were to receive from the appellant a certain sum of money only in the event that Elizabeth King failed to appear at the January term of the court; and, in his complaint on this instrument, the appellee was obliged to allege, in order to state a cause of action, that the said Elizabeth had failed to appear at that term of court. Surely, it is a complete defence to such a cause of action, to say, as the appellant has said in the fourth paragraph of the answer, that the said Elizabeth's failure to appear at the said term of court was caused and procured by the payees of the instrument in suit. This view of the question under consideration is sustained in principle, we think, by several of the decisions of this court. *Hawley* v. *Smith*, 45 Ind. 183; *Lane* v. *Albright*, 49 Ind. 275; *Durland* v. *Pitcairn*, 51 Ind. 426.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrers to the second and fourth paragraphs of the answer, and for further proceedings.