Opinion by
Hurt, J.
§ 523. Agent for sale of property; commissions of; rules as to; case stated. In the spring of 1882, appellant entered into a written contract with the law firm of Hill & Bryan, by the terms of which the latter were authorized to sell certain premises, the property of appel *469 lant, situated in the town of La Grange. It was calculated at the time that the premises could he sold to a railroad company for depot purposes. This sale, however, was not effected. In the contract the price of the premises and the amount of commissions to be received by Hill & Bryan for selling were specified. It was expressly stipulated in the contract that appellant reserved to himself the right to sell the premises, independent of his said agents, and that, in the event he effected a sale himself, they were not to receive any commissions. Before a sale was effected, the firm of Hill & Bryan dissolved, and appellant moved from La Grange to San Antonio. Hill continued to act as appellant’s agent in the sale of the premises. Appellant and Hill were both assiduous in their efforts to sell the property,— and especially to one Dr. McKinney. From time to time appellant reduced the minimum price which he had fixed upon the property, and finally informed Hill that he would take $2,500 net for the same; that is, $2,500, not including Hill’s commissions. Hill then tried to sell the property to McKinney for $2,750. McKinney, replied that he thought he could buy from appellant for a less sum, and thereafter did buy the property from appellant for $2,500. Hill demanded his commissions on this sale, which appellant refused to pay, and Hill then brought this suit to recover commissions, and obtained judgment therefor. Held: “ It is a plain proposition of law that when an agent is employed for a certain purpose and discharges his duty within the scope of his employment, and performs all that is necessary and proper for him to do, then he has earned his full compensation, and his principal’s declining or refusing to adopt the agent’s acts, or profit thereby, ■ does not affect the agent’s right to his full and complete hire, the same as if the principal had ratified the acts of the agent.” “ The general doctrine may be said to be, that the employment of a real estate agent to sell, does not mean that he is to sell, convey and receive payment, but his duty is performed when he has found a pur *470 chaser at the price named, and on the terms specified by his principal.” [W. & W. Con. Eep. § 843.] “To earn his commissions the agent must be the procuring cause, and such a procuring cause as that the sale really proceeds in effect from the act of the agent, though he did not negotiate the sale nor complete a contract. ” [Stewart v. Mather, 32 Wis. 644.]
“Thus, if the agent introduces the purchaser, or discloses his name to the seller, and through such introduction or disclosure negotiations are begun and the sale of the property effected, the agent is entitled to his commissions, although in point of fact the sale may have been made by the owner; and further, if the efforts of the agent in fact procure the purchaser, even where the bargain is made with the owner, and without his knowing the fact that any act on the part of the agent had procured the purchaser, nothing can be more reasonable or just than that the agent should receive commissions for the same.” [Jones v. Allen, 11 Am. Reg. 53; Durkee v. R. R. Co. 29 Vt. 127.] Nor can the seller defeat the agent’s rights to commissions by a revocation of the agent’s authority, or a discharge prior to consummation, or if he vary the terms of the sale, or only sell a portion of the property to the purchaser found, at a higher or different price. [Lane v. Albright, 49 Ind. 275; Jones v. Allen, 11 Am. Eeg. 53; Lincoln v. McClatchie, 36 Conn. 136; Woods v. Steven, 46 Mo. 465; Stewart v. Mather, 32 Wis. 344; Sibbald v. Bethlehem Iron Co. 83 N. Y. 378.] Thus, in Woods v. Steven, supra, a real estate agent having contracted with the owner of a farm to sell the same at a specified commission, proceeded to advertise, and by that and other means procured a buyer and brought him to the farm. The buyer objected to the qfiality of the land offered, and the owner agreed to reserve a portion and sell him only the remainder, which sale was concluded. It was held that a sale of a part only did not deprive the agent of his commissions upon' the part sold. This proposition is only applicable where *471 the agent has performed all that is necessary to a recovery at the time of the revocation of his authority, or his discharge. Appellee, in support of his judgment, submits this proposition: <£ When the efforts of the agent to sell are rendered a failure by the fault or through the acts and conduct of his principal, he will nevertheless be entitled to his commissions.” This may or may not be correct. What acts or conduct of the principal by which a sale is prevented will entitle the agent to his commissions? Suppose the acts and conduct consisted in a sale of the property by the principal before the agent had performed that which would entitle him to commissions. Evidently, in such case, he would not be entitled to recover. It is contended by appellee that, as appellant had informed him that the property must not be sold for less than $2,500 net, and as he, appellant, had sold it for that amount, this was a fraud upon his rights as agent, as he could not sell for less than $2,Y50, and make his commissions and the net price demanded by appellant. This proposition is answered by the contract, wherein appellant reserved the right to sell the property himself, and he was not bound to sell for the amount to which he had restricted his agent. If it were otherwise, the reservation would be worthless. Another proposition made by appellee is: “When the principal reserves the right to seh, without paying a commission to his agent, it is the right to sell to a purchaser found by himself, independently of the agent’s services or procurement.” Concede the correctness of this proposition. It is not shown by the evidence in this case that the services and procurement of the agent led to the sale of the property. On the contrary, the proof is clear that appellant himself discovered the purchaser, and by his own efforts effected the sale of the property. The judgment in favor of appellee is not supported by the evidence.
January 17, 1885.
Eeversed and remanded.