EMERSON W. PEET *vs.* FRANK· G. SHERWOOD and another.

November 16, 1891.

On reargument, January 14, 1892.

**Agent to Obtain Loan from Corporation—Application—Acceptance by Company— Commission not Earned.**—In an action to recover upon an agreement by defendants to pay a specified compensation when notified of the acceptance of an application for a loan, addressed to the plaintiff, who was to undertake to procure the loan, *held* that, although the evidence showed the acceptance by a corporation of an application made to it by the plaintiff for a loan, it was insufficient to sustain a recovery, because it did not show that the application made to the corporation and accepted by it embraced the same terms, as to rate of interest and time, as had been specified in the application of the defendants.

**Same—Construction of Acceptance.**—The written agreement construed, as requiring only an *acceptance* of the defendant's application, and not the actual making of the loan.

**Same—Letter Held to be Acceptance.**—A letter from an authorized agent of the corporation, announcing the *approval* of the application, *held* to be in itself an acceptance, and not mere hearsay evidence thereof.

**Written Contract—Parol Evidence.**—Rule that a written contract is not to be varied by proof of prior oral agreements applied.

ON REARGUMENT.

**Answer — Defence not Pleaded.** — Answer construed as not raising an issue upon the point as to whether an acceptance of an application for a loan was based upon the same terms as stated in the application; the defence being distinctly put upon other grounds.

Appeal by defendants from an order of the district court for Ramsey county, refusing a new trial after a trial before *Otis,* J., and verdict of $447.70 directed for plaintiff.

*Warner, Richardson & Lawrence,* for appellants.

*Ambrose Tighe,* for respondent.

DICKINSON, J.[1]  The decision on a former appeal in this action is reported in 43 Minn. 447, (45 N. W. Rep. 859.)  At a second trial,.

---

[1] Gilfillan, C. J., took no part in this case.

the court, upon the case then presented, directed a verdict for the plaintiff. The defendants appeal from an order refusing a new trial. While, for the reason hereafter to be stated, we are compelled to hold that the plaintiff failed in one particular to establish his right to recover, and hence the direction for a verdict in his favor was wrong, we shall briefly refer to some other questions presented, and which may be expected to arise upon another trial.

The agreement of the defendants expressed in the writing of January 25th (Exhibit C) is to be read in connection with their written application of January 16th, (Exhibit A,) in which they applied for a loan of $20,000 "for the period of three years at the rate of six per cent. per annum." The case shows that this was the application referred to in Exhibit C,—the agreement on which the plaintiff's right of recovery rests. The latter agreement, signed by the defendants, through their agent, is as follows, so far as it need be here recited: "Having made an application to E. W. Peet for a mortgage loan, I agree, when notified that said application has been accepted, to pay him the sum of 2 per cent. on face of loan dollars for his services, provided the loan is made for $18,500." When this instrument was executed it had been learned that the plaintiff would probably be able to procure a loan from the Provident Life & Trust Company of Philadelphia, but for only $17,000; but he had proposed to loan personally, upon a second mortgage, and for the period of six months, the further sum of $1,500. The evidence showed that this had been consented to by the defendants. The proposal of the defendants, as expressed in the original application, appears to have been thus modified as to the amount of the loan, and also in the particular that it might be made in two sums, as above stated, instead of one entire loan. But as to the rate of interest specified in the original application, and as to the period for which it was to be made, (except as to the $1,500,) the original application does not appear to have been modified. Exhibit C does not specify any time for which the loan was to be made, nor the rate of interest to be paid; but, giving effect to the reference made in it to the former application, its meaning, as disclosed by the facts just alluded to, was that, when notified that the application for a loan (modified in the par-

ticulars above stated) had been "accepted," the defendants would pay the plaintiff for his services as specified. Of course it is essential to a recovery upon this agreement that the plaintiff shall have procured an acceptance of the proposal as thus modified,—that is, an acceptance of a proposal to borrow the amount or amounts finally proposed to be taken at the rate of 6 per cent. interest, and, as to $17,000 of the amount, for the period of three years. Without now referring to the nature of the acceptance which must be shown, it is considered that the plaintiff failed to show that the acceptance by the trust company of the proposed loan of $17,000, or its readiness to make a loan for that amount, had reference to or contemplated that the interest should be only 6 per cent. a year, (our legal rate of interest in the absence of special agreement was 7 per cent.,) or that the loan should be for the period of three years. The difficulty is that it does not appear what, if any, conditions or terms as to rate of interest and time were embraced in the application or proposal presented to the trust company, and upon the acceptance of which the plaintiff relies for a recovery. While it was shown that the plaintiff sent the application (Exhibit A) to an agent of his at Philadelphia, with directions to present it to the trust company, and while it may be inferred from the subsequent proceedings that some application for a loan was made to the corporation, the conditions specified therein as to the particulars above stated were not disclosed by the evidence. It did not appear that the plaintiff's agent did present the application sent to him, or that the acceptance expressed in Exhibit D had reference to any of the terms specified therein. It may be added that, if this proof was wanting in the case presented on the former appeal, our attention was not called to it in the brief on the part of the defendants. This defect in the proof renders a new trial necessary.

The written agreement of the defendants, above recited, was in legal effect to pay the plaintiff for his services when notified that the application for the loan had been "accepted," if the loan thus accepted should be for the amount of $18,500. Notice of the acceptance of the application, if given at all, would, of course, precede the actual making of the loan; and to construe the proviso as to the amount of

the loan as a condition that a loan for the amount specified should *actually be made* and completed before payment to the plaintiff, would be inconsistent with the plain meaning of the agreement to pay when notified that the application had been "accepted." Two per cent. on the face of the loan thus accepted was the compensation specified.

Aside from the defect of proof to which reference has been above made, the evidence was competent to establish the fact of the acceptance by the trust company of whatever application for a loan had been made to it to the extent of $17,000. We deem the authority of the officer of the company who wrote Exhibit D to have been so far shown that his act should be taken to be that of the company. This letter was not mere hearsay evidence of what the company had done, but was the act of the company, in itself constituting an acceptance. While it is there stated that the applications in behalf of several persons named have been "approved," it is clear that that word is used in the sense of an acceptance, especially in view of the fact that the general statement that the specified applications have been approved is afterwards qualified by the statement as to one of them that it is accepted with a condition specified.

To the point urged that there was no proof that the refusal of the trust company to complete the loan was because of the fact that the property was incumbered by a private right of way, it is enough to say that this is virtually and in effect admitted in folio 15 of the answer. For the same reason the telegrams received in evidence, showing the refusal, were not important, and we need not consider whether they were properly authenticated, or the best evidence. The court was right in rejecting proof of oral agreements prior to the execution of Exhibit C, different from that embodied therein. There was no sufficient evidence to submit to the jury on the question whether the plaintiff knew of the existence of the easement.

For the one reason particularly stated in a former part of this opinion, the order refusing a new trial is reversed.

---

A reargument having been allowed and had, the following opinion was filed January 14, 1892:

DICKINSON, J. In our former decision in this case we overlooked certain allegations in the answer, which were afterwards called to our attention by an application on the part of the plaintiff for a reargument. A reargument was therefore allowed and had as to the bearing of these allegations upon the point which, in the former consideration of the case, had been deemed to require a new trial. Upon a reconsideration we have come to the conclusion that the answer is to be regarded as presenting no issue as to the loan finally agreed upon (for a less amount than that first applied for) being for the same time and at the same rate of interest specified in the defendants' application. The complaint distinctly tenders an issue on this point. The answer alleging a proposal and acceptance between these parties that the plaintiff loan $16,500 *for the same time and at the same rate as originally contemplated,* and the taking of a short-time second mortgage for $1,500, it is then alleged that the plaintiff afterwards refused to make the loan "altogether," upon the ground of there being an alley-way over the property. The answer may fairly be regarded as excluding the idea that the failure to complete the loan was because of any discrepancy (as respects the time or rate of interest) between the defendants' application and the acceptance by the parties from whom the plaintiff sought to procure the loan. The plaintiff and the court were justified in regarding the answer as raising no issue upon this point, but as putting the defence upon other grounds, and for this reason it is considered that the plaintiff was not required to make proof that the application accepted by the trust company was for a loan for three years' time, and at 6 per cent. interest. Therefore our former order granting a new trial is set aside, and the order of the district court is affirmed.