No. 8366.

## VINTON v. BALDWIN.

CONTRACT.—*Performance.*—*Broker.*—*Loan.*—*Commission.*—A. employed B. to procure a loan, and promised to pay therefor a commission of 5 per cent.    The latter found one able and willing to make the loan, but A. refused to take it.
*Held,* that B. was entitled to the stipulated commission.

From the Montgomery Circuit Court.

*S. C. Willson* and *L. B. Willson,* for appellant.

ELLIOTT, J.—On the 5th day of June, 1879, the appellee executed a written agreement appointing appellant his agent to procure a loan, and promising to pay him "for his services five per cent. commission on the amount of the loan obtained." Formal application was made for a loan ; the parties to whom it was made agreed to lend the money applied for ; the appel-lant notified appellee that his proposition for a loan had been accepted, and gave him a form of mortgage to execute ; the pa-per was taken by the appellee, who promised to cause it to be

duly signed and acknowledged; the day following the appellant notified the appellee that he had the money ready for him, but the latter refused to accept it, and declined to take the loan. The facts are not in dispute, and the only question is whether the court correctly applied the law to them. We are clear that the court erred.

A broker who is employed to procure a loan is entitled to his commission when he procures a lender ready, willing and able to lend the money upon the terms proposed. His right to commission does not depend upon the contingency of the applicant's acceptance of the loan, but upon his performance of his part of the contract. The principal can not deprive the broker of his commission by refusing to accept the loan which the negotiations of the latter have resulted in securing. In *Green* v. *Lucas*, 33 L. T. (N. S.) 584, Lord CAIRNS said, in a case very similar to the present: "It appears to me that the plaintiff had done everything which agents in this kind of work were bound to do, and it would be forcing their liability if they were to be held answerable for what happened after. If the contracts afterwards were to go off from the caprice of the lender, or from the infirmity in the title, it would be immaterial to the plaintiffs." *Green* v. *Reed*, 3 F. & F. 226; *Green* v. *Lucas*, 31 L. T. (N. S.) 731. In principle the case of a broker negotiating a loan is the same as that of a broker negotiating a sale of property, and in the latter case it is uniformly held that the commissions are earned when a purchaser is found able and willing to buy on the terms proposed. In such cases the broker's right to compensation is held to accrue when he has furnished a purchaser, and does not depend upon the ultimate consummation of the sale. *Lane* v. *Albright*, 49 Ind. 275; *Love* v. *Miller*, 53 Ind. 294 (21 Am. R. 192); *Reyman* v. *Mosher*, 71 Ind. 596; *Moses* v. *Bierling*, 31 N. Y. 462; 24 Alb. Law J. 536; *Mooney* v. *Elder*, 56 N. Y. 238; *Hart* v. *Hoffman*, 44 How. Pr. 168; *Prickett* v. *Badger*, 1 C. B. (N. S.) 296.

A real estate or loan broker may recover commissions, al-

though he acts for both parties; but it must appear that he acted openly and fairly, and that all the facts were known to both principals.   A broker .is regarded as a middleman, and not as an agent in whom peculiar trust and confidence are placed.   *Alexander* v. *North-Western, etc., University*, 57 Ind. 466; *Rowe* v. *Stevens*, 53 N. Y. 621; *Rupp* v. *Sampson*, 16 ·Gray, 398; *Redfield* v. *Tegg*, 38 N. Y. 212; *Barry* v. *Schmidt*, ·27 Alb. L. J. 297.

We have had no brief from the appellee, and our unaided efforts have not furnished us with any reason upon which the finding can be sustained.

Judgment reversed.