Fischer v. Bell.

Filed Nov. 7, 1883.

———◆———

No. 9819.

FISCHER v. BELL.

CONTRACT.—*Real Estate.*—*Broker.*—*Commission.*—A contract with a real estate broker to pay him a certain sum in case he finds a purchaser for designated real estate at a price fixed, need not be in writing, and the broker, upon producing a purchaser ready, able and willing to purchase at the price and on the terms fixed, with notice thereof to his employer, is entitled to his commission, though the employer may refuse to sell.

From the Warrick Circuit Court.

*A. C. Tanner* and *W. W. Ireland,* for appellant.

*J. Brownlee,* for appellee.

FRANKLIN, C.—Appellee commenced this action in the superior court of Vanderburgh county, to recover from appellant $250, claimed as commission due appellee for procuring a purchaser for certain real estate in the city of Evansville belonging to the wife of appellant.

The action was brought upon a special contract, which was in parol, and the complaint consisted of three paragraphs: The first alleged a contract for procuring a purchaser; the second for procuring a purchaser or selling; the third for selling.

A demurrer was overruled to the first and second paragraphs, and sustained to the third, and an answer in denial was filed.

There was a trial by jury, and a verdict was returned in favor of appellee for $50. A motion by the plaintiff for a new trial was sustained, and on motion of the defendant the venue was changed to the Warrick Circuit Court, where another jury trial was had, which resulted in a verdict for the plaintiff for $250. Over motions for a new trial, and in arrest of judgment, judgment was rendered on the verdict.

The errors assigned are the overruling of the demurrer to the first and second paragraphs of the complaint, and the overruling of the motions for a new trial, and in arrest of judgment.

The first objection to the complaint is that the contract is not averred to be in writing; that the title to real estate was affected, and, therefore, the contract could not be valid unless it was in writing.

The suit is not brought upon a contract for the sale of real estate, but upon a contract to procure a purchaser, which is valid without being in writing.

The second objection is that neither paragraph of the complaint shows that the sale of the real estate was perfected by making a contract that would bind both parties in the sale.

This was not required by the terms of the contract sued upon, as contained in the first or second paragraphs of the complaint; it might have been a good objection to the third paragraph of the complaint, to which the demurrer was sustained, and, doubtless, for that reason. If the appellee performed on his part all that the contract required him to do, and was prevented from consummating a sale by the act of appellant, that is sufficient. *Lane* v. *Albright*, 49 Ind. 275, p. 279; *Hawley* v. *Smith*, 45 Ind. 183.

A real estate broker is entitled to his commission whenever he finds a purchaser in a situation and ready and willing to complete the purchase on the terms agreed on, provided the

terms are in accordance with those specifically given to the broker by the vendor. *Love* v. *Miller*, 53 Ind. 294 (21 Am. R. 192), and authorities therein cited.

A further objection is made to each paragraph of the complaint, that, according to the terms of the contract as declared on, the sale was to be for cash, and the agreement made with the purchaser, which was attached to the complaint, permitted time to be given.

This agreement provided for a cash sale, and required the money to be paid upon the execution of the deed; but further provided that if appellant desired to retain possession of the premises, for a time, he could do so by paying rents, and the purchaser paying interest on the purchase-money.

Had the vendor signed and ratified the agreement made by his agent with the purchaser, it would have been a cash sale, because by its terms, upon the execution of the deed, he was entitled to every cent of the purchase-money.

We think both paragraphs of the complaint are sufficient, and there was no error in overruling the demurrer to them.

The first, second and third reasons for a new trial bring in review the sufficiency of the evidence to sustain the verdict.

From the evidence, it appears, that in the spring of 1880 appellant employed appellee to procure a purchaser and arrange for the sale of the said real estate; that in the summer following, about August, they agreed that appellee should have for his commission all that he could get for the property over the sum of $5,000; that one Mattison offered for the property $5,000; that the appellant was willing to take that and pay appellee $75 for his commission, but being advised by appellee that they could do better, appellant directed appellee not to take it, but to go ahead. This was perhaps in June, 1880.

That on the 29th day of November, 1880, appellee did procure a purchaser for the real estate, in the person of C. K. Drew, and on that day Drew executed a certificate of purchase, agreeing and binding himself to pay appellant fifty-

two hundred and fifty dollars for the property; that on the same day, or the day after, appellee met appellant and informed him that C. K. Drew had signed a certificate of purchase, agreeing and binding himself to pay appellant $5,250 cash for the real estate, and invited appellant to go with him to his office and see and sign the certificate; that the money would be paid as soon as the deed was executed; that appellant refused to go and sign or see the certificate; that in a short time afterwards appellee again met appellant close to Drew's office, and asked him to go with him into Drew's office and fix up the papers, and informed him that Mr. Drew was ready to pay him all the purchase-money, and appellant again declined to do so; that in a few days after that appellee and appellant met on Main street, and appellee again requested appellant to go with him to Drew's office and close up the trade, and told him that Drew was ready to pay the purchase-money and wanted the trade closed up. Appellant again refused, unless the taxes on the property were paid in addition to the $5,250. That after Drew had signed the certificate of purchase he met appellant and told him that he had bought his property of appellee, to which appellant replied, "All right;" that Drew afterwards met appellant near his office, and told him that he had signed the certificate of purchase, agreeing to pay him $5,250, $5,000 for him and $250 for appellee, to which appellant replied, "All right," and that Drew then invited appellant to come into his office and close up the trade, and that appellant declined to do so. That appellant then, on the 7th day of December following, left the city of Evansville and went up Green River, in the State of Kentucky. In a very short time before appellant left, appellee informed Drew that appellant now demanded that his taxes should be paid in addition to the $5,250. Drew requested appellee to ascertain the amount of the taxes; appellee did so and informed Drew what they were, which Drew agreed to pay in addition, rather than miss getting the property or having any trouble about it; appellee went to appellant's house to in-

form him of that fact, and was told by appellant's wife that he had gone up Green River, and might be back in a week or longer time. This was on the 8th of December. Appellee told her that Drew had agreed to pay the taxes in addition, and left. In a day or two afterwards Drew went to see her, but failed to get any satisfactory assurance that he would get the property, and on the 13th of December he purchased other property. Appellant returned home on the 14th of December, and then informed appellee that Drew might have the property, when appellee informed appellant that he was too late, that Drew had purchased other property on the day before, and would not now purchase this property, and then demanded of appellant his commission, which appellant refused to pay, and this suit was commenced to collect said commission.

We think the evidence tended strongly to sustain the verdict, and that it was not contrary to law.

The fourth reason stated for a new trial is the refusal of the court to give the sixth instruction asked by appellant. This instruction is not referred to by appellant in his brief, and, therefore, no question is presented for consideration upon this reason for a new trial; under this reason, however, counsel have discussed the 5th instruction asked. We see no error, however, in refusing that instruction, if it had been included in the motion for a new trial.

The fifth reason is for modifying and giving as modified the 3d instruction asked by appellant. That instruction reads as follows: "Unless the jury believe from all the evidence in the case, that the writing dated November the 29th, 1880, read in evidence, contains the precise terms and conditions authorized by defendant, and that before the institution of this suit, *the contents thereof were fully explained to him*, and that afterwards he without the fault of the plaintiff refused to accept said terms and consummate the contract, they should find for the defendant."

The court modified this instruction by striking out the

words, "the contents thereof were fully explained to him," and inserting the words, "the defendant was notified thereof," in their place, and gave the instruction as thus modified.

We think there was no error in this modification. There was no controversy about the terms of the agreement; the appellant refused to see or examine it; if he had examined it and the terms did not suit him, they might have been so modified as to comply with his desires. He simply declined to consummate a sale of the property for $5,250, and when he was informed that the sale had been agreed to, and a certificate thereof was executed by the purchaser binding him to pay $5,250 for the property, that was sufficient without explaining in detail to him all the terms of the certificate.

The sixth reason for a new trial is, that the court erred in giving its first instruction of its own motion. That instruction reads as follows: "If you find for the plaintiff, the amount of your verdict should be the price or compensation agreed on by the plaintiff and defendant for the services in procuring a purchaser for the property."

It is objected to for the reason stated, that it involves two propositions, first, as to whether the plaintiff was entitled to recover anything, and, secondly, if so, how much. This instruction does not involve the first proposition; it was only intended to, and did, embrace the second. The first was fully instructed upon in the subsequent instruction. The instructions must all be taken together, one paragraph in instructions is not required to embrace all the law applicable to the case. The special contract alone was sued upon, and if the plaintiff was entitled to recover anything, he was entitled to recover according to the contract. There was no error in this instruction.

The seventh reason for a new trial is error in the court in giving the first, third and fourth instructions asked by appellee.

The first is as follows: "If the jury believe, from all the evidence, that at the time defendant placed the property in

the hands of the plaintiff for sale, he agreed to take the sum of $5,000 for his property, and made no conditions as to taxes, and agreed to pay plaintiff all he might find a purchaser willing to pay over and above that sum, or might sell the same for, as his commission for finding a purchaser, or selling the same, and that the plaintiff afterwards procured a purchaser in the person of C. K. Drew, and was prevented from selling the same to the said Drew on account of the defendant's setting up a claim for taxes, and the case is otherwise made out, they should find for the plaintiff."

The objections to this instruction, that it does not require that Drew should be a responsible person, and that it did not require the contract to be in conformity with the terms authorized, are not well taken.

The same objections are made to the third, and which objections are alike unfounded.

Appellant does not notice the fourth in his brief, and we will therefore pay no further attention to it. He, however, discusses the fifth, which is not embraced in the motion for a new trial, and presents no question for our consideration. We find no available error in the instructions given or refused.

The eighth reason for a new trial is, for permitting the plaintiff to prove what was said and done by appellant and in his presence in relation to previous proposed sales of the property to Murphy and Mattison.

This testimony was given in the defendant's cross-examination of appellee, without objection until after it was given, and then no motion was made to strike it out; no ruling was made by the court, as shown by the bill of exceptions in the record, to which an exception could be taken. No question is presented by this reason.

The ninth reason for a new trial is not discussed or insisted upon. It is therefore waived.

The tenth reason is for refusing to permit the defendant to read in evidence the original complaint filed herein on the 16th day of December, 1880.

A demurrer had been sustained to this complaint, and an amended complaint had been filed on the 11th day of April, 1881. The reason stated for reading the complaint in evidence was to show that it said nothing about the written contract for the purchase of the real estate signed by Drew.

If this ruling was erroneous, it was harmless. It makes no difference whether or not any written contract had been signed by Drew. The defendant's liability was established by the plaintiff's procuring a purchaser who was in a condition, ready and willing to pay for the property according to the terms authorized by the vendor, without the execution of any certificate.

Of course a sale could not have been consummated so as to make it valid without its being reduced to writing. But when appellee procured the purchaser, it was the duty of appellant to consummate the sale or pay appellee his commission. There was no available error in overruling the motion for a new trial. Nor was there any error in overruling the motion in arrest of judgment.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed June 23, 1883.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant, in his petition for a rehearing, claims that the court, in the former opinion herein, failed to decide an important question in relation to the correctness of the fourth instruction given by the court to the jury. True, this question is properly in the record, but appellant, in his brief, did not refer to that instruction; he discussed No. 5; and in referring to the motion for a new trial we found that it did not include No. 5, and concluded that the objection to No. 4 was thereby waived. Upon a re-examination of the record

we find that appellant made the mistake of calling the instruction he discussed No. 5 instead of No. 4. The mistake was in appellant, and not in the court. The way the record and the brief stand, no question upon either of these two instructions is properly before the court, but to give appellant the benefit of the question that he intended to present, we proceed to consider the fourth instruction. It reads as follows:

" If you believe from the evidence, that after plaintiff had notified the defendant of the signing of the certificate of purchase by the said Drew, and (he was) requested to sign the same, the defendant purposely avoided the plaintiff and the said Drew, negligently and purposely failed to attend to said business in a reasonable manner, and the defendant purposely absented himself from the city and State, and by reason of such conduct upon the part of the defendant, said sale was defective, and the case is otherwise made out, you should find for the plaintiff."

This instruction is applicable to evidence given in the cause, and is correct in so far as it goes. It does not profess to state all the facts necessary to make out the case, but expressly adds, " and the cause is otherwise made out." If the appellant desired instructions upon other facts necessary to make out the case which were not stated in the instruction given, it was his duty to ask the court to give such instruction. Having failed to ask for additional instructions, he can not complain that the instructions were not more fully given.

Appellant further insists that he did not intend to waive the ninth reason for a new trial, which was an objection to the evidence introduced upon which the fourth instruction was based; that to save a repetition of his argument upon the seventh reason for a new trial, he referred to that as applicable to the ninth. If the argument and reasoning upon the seventh was applicable to the ninth, the decision of the questions upon the seventh was alike applicable to the similar questions on the ninth. Not to repeat in a decision is cer-

tainly as commendable as not to repeat in a brief, and no harm was done in not discussing the ninth reason for a new trial.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled, at the costs of appellant.

Filed Nov. 3, 1883.