ARTHUR WITHERELL vs. ROSANNA MURPHY.

Berkshire.    September 11, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Sale by Broker — Commissions — Repudiation of Sale by Principal.*

A written agreement between the owner of real estate and a broker contained an authority to sell it "for fifteen thousand dollars, about one half cash." *Held,* that the broker was authorized to sell it "for fifteen thousand dollars cash on delivery of the deed."

The agreement further stipulated that the owner might withdraw the property from sale by giving thirty days' notice in writing to the broker, and by paying the agreed commissions if the property was sold within thirty days after such withdrawal. *Held,* that the owner could not, by revoking the broker's authority after a sale by him in accordance therewith, deprive him of his commissions.

CONTRACT for commissions and services in the sale of real estate for the defendant. The first count of the declaration was upon the following agreement signed by the defendant: "North Adams, Mass., January 27th, 1886. I, Rosanna Murphy, of North Adams, hereby authorize and empower A. J. Witherell to sell the following described real estate, viz.: my hotel property on State Street, on the following terms; for $15,000, about one half cash, the deed to be a good and sufficient warranty deed, duly executed, and accompanied with a search made by —— ——, and I further authorize him, the said A. J. Witherell, to contract in writing in my behalf for the sale of said premises, pursuant to the terms of sale and provisions herein contained; and in consideration of the agreements on the part of said A. J. Witherell to be performed, I agree to pay him, when the property is sold, the sum of two per cent on amount of sale, and in consideration of the premises the said A. J. Witherell agrees to use his best endeavors to find a purchaser for said property. It is mutually agreed that the said Murphy may withdraw said property from sale by giving said A. J. Witherell thirty days' notice thereof in writing, and paying the above mentioned sum of two per cent, if said property is sold within thirty days after such withdrawal." The second count was upon an account annexed for such commissions and services.

At the trial in the Superior Court, before *Thompson,* J., the plaintiff, a real estate broker, testified that, acting under the above agreement, he made a contract with one Elizabeth Gorry, on March 24, 1887, to sell to her the premises in question for the sum of $15,000 in cash, payable on delivery of the deed, such agreement to be put in writing; that on March 26, 1887, he went to the defendant's house and informed her that he had found a purchaser, who would pay $15,000 for the property, whereupon the defendant told him that she would not sell the premises for that sum, but would sell them for $16,000; that he then went to Mrs. Gorry and told her of his interview with the defendant, and she then offered $16,000 for the premises, provided she could have the deed immediately; that he at once informed the defendant of this offer, and the defendant then refused to sell for less than $20,000; that he then told Mrs. Gorry of the defendant's refusal, and at her request, on March 28, 1887, for the first time reduced to writing the contract of sale of March 24, 1887, which recited that the sale was to Mrs. Gorry " for the sum of fifteen thousand dollars cash on delivery of deed "; that afterwards a demand was made upon the defendant that she should execute and deliver a deed of the premises to Mrs. Gorry, who offered to pay to the defendant $15,000 in cash upon the delivery of the deed; that the defendant refused to deliver any deed of the premises, but made no objection that the offer was to pay entirely in cash; and that on March 28, 1887, he received from the defendant a notice purporting to revoke his authority to sell the premises in question.

The defendant asked the judge to rule that the action could not be maintained, because the alleged contract of sale between the plaintiff and Mrs. Gorry, in that it was an agreement for a sale for an entire sum in cash, was not in accord with the terms of the plaintiff's authority, which was only for a sale for a sum to be paid " about one half cash." The judge declined so to rule, and instructed the jury that the alleged contract of sale with Mrs. Gorry, if made in good faith, was a substantial compliance with the terms of the plaintiff's authority; and that if it appeared that no objection was made by the defendant, at the time she was notified of the sale and a deed was demanded, as to the mode of payment stipulated for in the contract

of sale to Mrs. Gorry, this fact was evidence for the jury to consider.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. C. Joyner*, for the defendant.

*A. J. Waterman*, (*A. Potter* with him,) for the plaintiff.

KNOWLTON, J.    The defendant contends that the sale of the real estate by the plaintiff for " $15,000 cash on delivery of the deed,'' was not in accordance with the terms of the written contract which authorized him to make a sale " for $15,000, about one half cash."

The contract was silent as to a sale for any larger sum, and also as to receiving more than one half of the price in cash, and as to the form in which that part of the price which was not required to be cash should be paid.    It can hardly be contended that the sum named was a limitation of the plaintiff's right to sell for a larger price if he had an opportunity to do so, and we are of opinion that the authorization to sell for about one half cash was as to the remainder merely a permissive stipulation for the benefit of the purchaser and of the plaintiff.    In determining what kind of payment would answer the requirement of the contract in regard to that part of the consideration which was not called for in cash, the parties would naturally have inquired whether the method proposed would enable the defendant speedily to obtain the amount in money, or would be safe security for the ultimate payment of it in money with interest. They could have found no higher standard than cash by which to test the payment proposed.    Certainly no higher standard was established by the written contract.    We must, therefore, hold that the plaintiff was authorized to sell the defendant's property for a price to be wholly paid in cash on the delivery of the deed.

The only other ground of defence grows out of the defendant's refusal to perform the contract which she had authorized the plaintiff to make in her behalf.    The declaration contains two counts, one upon an account annexed for commissions and services, and the other setting out the written contract, and what was done under it, and the defendant's refusal to perform it. No question of pleading was raised at the trial, and none is open

upon these exceptions. And we have no occasion to inquire whether Elizabeth Gorry, the purchaser, acquired rights against the defendant.

The plaintiff made a bargain of sale of the real estate which he was authorized to make, and which the purchaser was ready to carry out. The defendant was informed of it before it was put in writing, and declined to be bound by it. She named a higher price at which she said she would sell, and when the plaintiff obtained an acceptance of her offer, on condition that she should make the deed at once, she again declined to sell, unless she could get a much larger sum. He then put in writing and delivered to the purchaser his original contract of sale, and the purchaser accepted it, and was ready to perform her part of it. Under these circumstances, we think he was entitled to the sum named in the contract as the commission to be paid for making a sale. It was plainly implied in the contract, that, after the plaintiff had made an agreement for a sale which needed only the defendant's execution of a deed to consummate it, the defendant should not intentionally defeat the sale, and thus deprive the plaintiff of his commission. It was expressly provided that the defendant might withdraw the property from sale by giving the plaintiff thirty days' notice thereof in writing, and paying the commission if the property was sold within thirty days after the withdrawal. This was equivalent to a stipulation that it should not be withdrawn otherwise. See *Cook* v. *Fiske,* 12 Gray, 491; *Prickett* v. *Badger,* 1 C. B. (N. S.) 296.

It is immaterial in this case whether the plaintiff's recovery properly rests on a right to receive his commissions for a sale within the meaning of the contract, or upon a claim for an equivalent sum as damages for the defendant's refusal to perform her contract.

*Exceptions overruled.*