DANIEL F. HOLDEN *vs.* GEORGE H. STARKS.

Hampden.　September 27, 1893. — October 18, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Broker's Commission — Principal and Agent — Evidence of Authority.*

If A., acting as the authorized agent of B., makes a contract of sale of B.'s land to C., who pays to A. a part of the purchase money, and who for a long time afterwards is able, ready, and willing to take the property and pay for it the price agreed, and is prevented from doing so by B.'s refusal to carry out the contract, A. is entitled to compensation from B. for making the sale, although C. could not have been compelled to carry out his contract, if he had chosen to set up the statute of frauds.

In an action to recover a commission for selling the defendant's land, the plaintiff's uncontradicted testimony showed that, two or three years before the sale, the defendant, being informed that he was a real estate broker, told him to sell the property if he could at a price named, and the plaintiff thereupon made some effort to sell it; that afterward, nearly a year before the sale, the defendant wrote him a letter, giving $1,800 as the price of the property, and offering to pay him a certain sum if he would sell it; that, just before the sale, he telegraphed to the defendant, asking if he would sell for $1,700, and received in reply a despatch, as follows: " No, eighteen is the least I will sell for "; and that thereupon he immediately made a contract of sale for $1,800, which the defendant refused to carry out. *Held*, that the jury were warranted in finding that the plaintiff was acting under the defendant's authority in making the contract of sale, and that he was entitled to compensation.

CONTRACT, to recover $50 as a commission for selling the defendant's real estate. Trial in the Superior Court, before *Dewey*, J., who directed the jury to return a verdict for the plaintiff; and, by consent of the parties, reported the case for the determination of this court. The facts appear in the opinion.

*S. S. Taft*, for the plaintiff.

*C. L. Gardner*, for the defendant.

KNOWLTON, J.　By the terms of the report, if the verdict for the plaintiff was warranted by any evidence which was properly admitted, it is to stand; otherwise, it is to be set aside and judgment entered for the defendant.

It was proved, and not disputed, that the plaintiff made a contract of sale of the defendant's house and lot to one who for a long time afterward was able, ready, and willing to take the property and pay for it the price agreed, and who was prevented

from doing so by the defendant's refusal to carry out the contract. A payment of part of the purchase money was made to the plaintiff, with the intention of thereby rendering the contract irrevocable. If the plaintiff was authorized to make the sale as an agent employed by the defendant, he is, under these circumstances, entitled to compensation, notwithstanding that the purchaser could not have been compelled to carry out his contract if he had chosen to set up the statute of frauds. It was the defendant's own fault that the sale was not consummated. *Cook* v. *Fiske*, 12 Gray, 491. *Desmond* v. *Stebbins*, 140 Mass. 339. *Witherell* v. *Murphy*, 147 Mass. 417. *Loud* v. *Hall*, 106 Mass. 404, 407. *McGavock* v. *Woodlief*, 20 How. 221. *Kock* v. *Emmerling*, 22 How. 69. *Duclos* v. *Cunningham*, 102 N. Y. 678. *Edwards* v. *Goldsmith*, 16 Penn. St. 43. *Prickett* v. *Badger*, 1 C. B. (N. S.) 296.

It remains to inquire whether there was evidence from which the jury might find that the plaintiff made a sale as the agent of the defendant under an employment by him. The evidence on this point is indefinite and unsatisfactory, but there was uncontradicted testimony from the plaintiff, that, two or three years before the sale, the defendant, being informed that he was a real estate broker, told him to sell the property if he could, at a price which was named, and that the plaintiff thereupon made some effort to sell it; that afterward, nearly a year before the sale, the defendant wrote him a letter, which was put in evidence, giving $1,800 as the price of the property, and offering to pay him $50 if he would sell it; and that just before the sale he telegraphed to the defendant, asking if he would sell the property for $1,700, and received in reply a despatch, which was put in evidence, as follows: " Portland, Me., April 12, 1888. To D. F. Holden. No, eighteen is the least I will sell for." The plaintiff thereupon immediately made a contract of sale for $1,800, which the defendant refused to carry out. There is evidence in the case which tends to show that there was not a continuous employment of the plaintiff, but it would serve no useful purpose to review the testimony. In our opinion, the jury might well find that the plaintiff was acting under the authority of the defendant in making the contract of sale, and that he was entitled to compensation.

*Judgment on the verdict.*