BENJAMIN D. WASHBURN *vs.* ARTHUR I. BRADLEY.

Suffolk.    March 12, 1897. — June 29, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Broker's Commission — Finding — Action.*

A finding for the plaintiff in an action tried without a jury will stand, if supported by any fair view of the evidence, and not shown to have been affected by any error in law.

If a broker is employed by the lessee of a building, who desires to be released from his tenancy, to procure a customer to engage to take a new lease on terms assented to by the lessee and the lessor, and secures such a customer, who enters into a covenant to take a lease, and afterwards declines to execute the lease owing to incorrect statements, made by the lessee to him before signing the covenant, as to the duration of a sublease, the broker may maintain an action against the lessee for his commission.

CONTRACT, to recover a broker's commission. Trial in the Superior Court, without a jury, before *Hardy,* J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. F. Wiggin,* (*B. M. Fernald* with him,) for the defendant.

*W. N. Buffum,* for the plaintiff.

BARKER, J. As the case was tried without a jury, the finding for the plaintiff, if supported by any fair view of the evidence, and not shown to have been affected by any error in law, will stand.

The defendant was lessee, at an annual rent of $7,300, of a building in Boston which he sublet, and about four years of his term were unexpired. Wishing to be freed from his tenancy he availed himself, upon terms which were in dispute, of the plaintiff's services as a broker. The plaintiff found a firm willing to become lessees of the building for ten years at an annual rent of $6,000, and obtained from the firm the covenant set out in the declaration,* and which was verbally accepted by the defendant, who

---

* The material part of this covenant, which was signed by Clarence H. Knight for the firm of Mills, Knight, and Company, was as follows: "For value received we hereby agree to make a lease for ten years from the first day of September, eighteen hundred and ninety-six, of the building at the

arranged for his own release by the owner upon payment of $1,550. The owner assented to the terms proposed, prepared a lease accordingly, and gave it to the defendant to take to the proposed lessees. They did not execute it, asserting that the defendant had misinformed them as to the time when the subleases would terminate. Negotiations for the removal of this difficulty continued for some days between the defendant and the proposed lessees, when one of the subtenants took a ten years' lease of the building from the owner at an annual rent of $6,000, and the defendant was released from his own tenancy upon his payment to the owner of the $1,550.

The evidence is not stated in full, nor is it said that all material evidence is given. It appears that the testimony of the plaintiff and that of the defendant was conflicting, both as to the terms of the plaintiff's employment and as to subsequent occurrences, and also that there was a conflict of testimony between the defendant and one of the proposed lessees as to what statements were made by the defendant as to the subleases before the making of the covenant. The evidence would justify a finding that, if the plaintiff produced a suitable customer willing and ready to become lessee on terms satisfactory to the owner and to the defendant, it was the defendant's concern to procure the cancellation of his own lease, which must of course be extinguished before the new lease could be made, and also that the reason why the plaintiff's customers did not execute the new lease was that the defendant had misinformed them as to the duration of the subleases.

The evidence would justify a finding that the defendant agreed to pay a full commission if the plaintiff should induce a satisfactory customer to engage to take a new lease on terms assented to by the defendant and the owner of the building, and also a finding that the plaintiff had performed that service. That

corner of Congress and Purchase St., at an annual rental of $6,000, all taxes and insurance, ($6,000) Dollars, to be paid, and we also agree to pay all water rates, taxes, and insurance to which the said premises shall become liable during the term of lease. Also a vault to be fitted under the sidewalk for the storage of plates, for which we agree to pay an additional rental of 6% of cost per fitting."

the presiding justice made these findings is fairly to be inferred from his rulings, and from the finding for the plaintiff.

It is true that, as asserted in the defendant's requests,* there was no evidence that the plaintiff's customer became a tenant or took a lease of the building, nor that the owner was ever bound to become a party to such a lease. But whether, in law, the plaintiff could recover without proof of those facts, or without proof that his customer after making the covenant was willing and offered to execute a lease in accordance with it, as the defendant asked the court to rule, must depend upon the terms of the plaintiff's employment, and upon whether, if he was employed generally to negotiate a lease, the failure of his customer to become lessee, after having covenanted so to do, was due to the defendant's own fault in having made incorrect statements as to the duration of the subleases. Whether the covenant was insufficient under the statute of frauds was immaterial, if the proposed tenant's omission to perform the covenant was not for that reason, but because of the defendant's own fault. See *Holden* v. *Starks*, 159 Mass. 503. Upon the evidence, the presiding judge was not required to give the rulings requested by the defendant, and was justified in ruling and finding as he did.

<em>Exceptions overruled.</em>

---

* The rulings requested were as follows:

" 1. The plaintiff cannot recover commission without proof either of the making of a lease to Mills, Knight, and Company, or of the making of an agreement, which bound both the Boston Real Estate Trust Company [the owner of the building] and Mills, Knight, and Company to become parties to a lease of the premises described in the declaration. ·

" 2. The evidence in the case does not warrant either finding.

" 3. The plaintiff cannot recover without proving that Mills, Knight, and Company were willing and offered to execute a lease in accordance with the agreement set out in the declaration, without qualification or condition."