Bolster, C. J.
Decision of this case turns on the construction to be given to a written contract by which the defend *124 ant employed the plaintiff “for the purpose of the purchase —of materials dealt in by the corporation, at such prices, terms and conditions as may be. determined by the corporation”. The defendant agreed “in its discretion” to bid on merchandise brought to its attention by the plaintiff. It did so bid, so that discretion is immaterial. It also agreed “in its discretion” to make such deposit as might be necessary to “qualify” its bid, but as no such deposit was required, that item of discretion is also immaterial. A deposit with an offer, and a deposit of the price after acceptance of the offer, are two distinct things. The defendant did not reserve to itself any discretion to decide whether, once having made a purchase, it would carry it out. The evidence showed that the vendor of the goods accepted the defendant’s offer by making it an “award” for the amount named in the bid, which “award” stipulated that the vendor could, as it later did, cancel it unless payment was made and shipping directions were given within ten days. It could be found on the evidence that the defendant was content to take the award on that basis and that it considered the purchase made notwithstanding provisions in the award about weight variations and shortage claims. The defendant’s letter of January 24 warrants an inference that the only reason the defendant did not complete its purchase was that on reflection it concluded that its authorized bid had been too high.
The plan for the plaintiff’s compensation was an even division of profits and losses, to be determined after resale. While the agreement does not in terms so state, it is obvious that both parties dealt on the basis that once a purchase was made, the transaction should go on to completion, so far as action by the defendant is concerned. cf. Witherell v. Murphy, 147 Mass. 417. Roche v. Smith, 176 Mass. 595. *125 Franklin v. Salpietro, 269 Mass. 292. Certainly, the language of the contract gives the defendant no right, as to the plaintiff, to withdraw from a contract of purchase, once it is made.
The plaintiff now sues on article 4 of the contract. Therein the defendant agreed to pay the plaintiff 10% of the amount of any purchase “at the time that such transaction is completed — said payment — to he made — as soon as the purchase price — shall be paid”. There are provisions for deducting such payments from the plaintiff’s share of payments, and for their repayment, in ease of loss, out of a credit balance, but as the defendant did not complete its contract of purchase, and as no counterclaims are in issue, those provisions are inoperative here. On the other hand, the plaintiff cannot treat this as a mere employment to find an acceptable vendor. The contract makes the payment of the 10% conditional upon a contract of purchase.
Two questions arise:—
1. Is article 4 an independent or a dependent stipulation?
2. If independent, when does the plaintiff’s right accrue ?
We think the stipulation for payment independent. It is unqualified in its terms, and profit or loss are left for later ascertainment. cf. Int. Textbook Co. v. Martin, 221 Mass. 1. The provision that the 10% is to be paid when the material bought has been paid for negatives any thought that payment is to await resale, and the words above ‘ ‘ Such transaction is completed” cannot mean the entire transaction and resale, but only the purchase.
We are further of opinion that the defendant should not be heard to say that because it allowed the purchase to lapse, it thereby defeated the plaintiff’s present claim. Article 4 does not say that the payment shall be made if *126 the defendant paid the purchase price, but when it paid it. The implication is that it would pay it. Rosenthal v. Schwartz, 214 Mass. 371. Mechem, Agency, Sec. 1536, end.
Report dismissed.