*Northern District*

No. 5446

**FRANK J. HENNESSY, JR.**

v.

**MITCHELL ESTATES, INC.**

(January 27, 1961)

*Present:* Brooks, P. J. and Eno, J.

Case tried to *Northrup, J.,* in the District Court of Central Middlesex.

*Brooks, P. J.* This is a suit to recover a real estate broker's commission for procuring a customer, ready, willing, and able to purchase defendant's property. The answer is general denial.

*There was evidence at the trial tending to show the following:* Defendant listed his property with plaintiff to be sold for $15,490. Defendant informed plaintiff that the property was being built under F.H.A. supervision and he, defendant, would obtain final approval from F.H.A. and a statement from F.H.A. of appraised value of not less than $14,800.

Plaintiff procured a customer willing and able to purchase the property for $15,490 on the condition that final F.H.A. approval be

obtained and that F.H.A. issue a statement of appraised value for mortgage insurance purposes of not less than $14,800. Parties signed a purchase and sale agreement setting forth the details of the transaction and containing the following passage relating to F.H.A. financing:

"It is expressly agreed that not withstanding any other provision of this agreement the buyer shall not be obligated to complete the purchase of the premises described herein or to incur any penalty by forfeiture of deposits or otherwise unless the seller has delivered to the buyer a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the premises for mortgage insurance purposes of not less than $14,800, which statement the seller hereby agrees to deliver to the buyer promptly after such appraised value statement is made available to the seller. Buyer shall, however, have the privilege and option of proceeding with the consummation of this agreement without regard to the amount of the appraised valuation made by the Federal Housing Commissioner."

The above agreement is referred to as Exhibit 2 in the Court's findings hereinafter set forth.

Not anticipating failure to complete the transfer of title, defendant permitted the buyer to occupy the premises. However, defendant was unable to obtain final F.H.A. approval and written appraisal of value and for

that reason alone, the sale was not consummated.

Defendant filed the following Requests for Rulings:

"1. The plaintiff is not entitled to a brokerage commission from the defendant, because the plaintiff failed to produce a customer ready, willing, and able to purchase the property of the defendant upon all of the terms and conditions specified by the defendant. *Drake v. Sweet*, 325 Mass. 542.

2. The defendant did not accept the customer procured by the plaintiff as being ready, willing, and able by virtue of his entering into a purchase and sale agreement with that customer since that agreement provided for an option on the part of the customer not to complete the purchase of the premises involved in the event of a third party's failure to approve a part of the transaction. *Wiggin v. Holbrook*, 190 Mass. 157.

3. Upon all the evidence, as a matter of law, the plaintiff is not entitled to recover."

The Court denied defendant's requests and made the following Findings and Rulings:

"I find that the plaintiff, a real estate broker, was engaged by the defendant to produce a customer, ready, willing, and able to purchase the defendant's property at the price agreed; that the plaintiff produced such a customer and that as a result thereof, an agreement (Exhibit 2) was entered into between the parties. I find that the defendant represented to the plaintiff at the time of the listing, and to the buyer, both before and after signing the agreement, that the house under construction on the property was being built under

F.H.A. supervision and that the defendant corporation would obtain F.H.A. approval so that any purchaser might avail themself of F.H.A. financing. All parties to the transaction acted upon these assumptions. I find also that although the defendant tried, over a period of five months, to obtain F.H.A. approval, he was unable to. I further find that the purchaser obtained by the plaintiff was ready, able, and willing at all times to purchase the property as agreed if the F.H.A. financing contemplated by the parties had been available to her and that the failure to purchase the same was due solely to the defendant's inability to obtain such approval. I find also and rule that the plaintiff's right to commission was not dependent upon the actual sale of the property nor was the F.H.A. approval a condition precedent thereto.

I, therefore, find for the plaintiff in the sum of $775.00 the agreed commission with interest from the date of the writ.

The plaintiff's Requests for Rulings are treated as waived. The defendant's Requests for Rulings are denied."

Defendant claimed to be aggrieved by the Court's failure to grant his Requests for Rulings.

Plaintiff in this case would clearly be entitled to a real estate commission but possibly for one thing, — the condition in the Purchase and Sale Agreement that the buyer would be excused from performance, unless the seller procured an appraisal of the property by the F.H.A. for $14,800 and a certificate to that

effect from the F.H.A., a condition which the seller found himself unable to fulfill.

The premises had been listed by defendant with plaintiff. The latter had procured a customer whom the trial judge found to be willing and able to buy the property at the price set by the seller. The broker further got both parties to sign a Purchase and Sale Agreement, — all of which, in fact either one of which, normally would entitle the broker to his commission. *Fitzpatrick v. Gilson,* 176 Mass. 477. *Menton v. Melville,* 330 Mass. 355, 356.

The question raised is whether the stipulation that the buyer was not bound to buy if the seller could not make good on his agreement to procure F.H.A. appraisal and certificate, deprives the broker under the present circumstances of the commission he would otherwise have earned.

"The right of a broker to recover a commission depends on whether he has done the thing which he undertook to do before his authority to do it has come to an end." *Walsh v. Grant,* 256 Mass. 555, 557. *Carrig v. Earle,* 241 Mass. 430. Simply, by that standard, plaintiff is entitled to recover. He has done what he was hired and undertook to do, — produce his customer who would buy on seller's terms. The failure to complete the sale was not due to any failure on the buyer's part or on the broker's part, but by the seller's falling down on the job. He had

not done what he undertook to do, — procure a F.H.A. appraisal and certificate.

Quoting from *Fitzpatrick v. Gilson* supra on the subject of a broker's duties: "The duty which a broker is employed to perform is to find a customer for that which his principal directs him to find a customer. — When a broker has found a customer for that which his principal has employed him to find a customer, the broker has performed his duty and has earned his commission, or, as the proposition is usually stated, if the person produced by the broker is able, ready, and willing to buy, sell, or lend, as the case may be, the broker's commission is earned. — When the broker has produced a customer, his duty is at an end; so far as his rights, or his duty, are concerned, it is immaterial whether a contract is or is not made, or if made, whether it is or is not performed. The broker's right to a commission is no more dependent upon or affected by, the fact that a contract is, or is not drawn up and executed and too, by the fact that the contract, as drawn up, is or is not carried into effect."

Of course, a broker's right to a commission is not defeated if a contract is made and then not carried out by reason of his principal's inability or unwillingness to perform. *Witherell v. Murphy,* 147 Mass. 417; *Wright v. Young,* 176 Mass. 100; *Fitzpatrick v. Gilson,* supra.

This is not a case where the buyer has backed out of his bargain, although even

there, if an agreement has been signed, the broker would be entitled to his commission. *Ward v. Cobb,* 148 Mass. 518; *Roche v. Smith,* 186 Mass. 595, 597.

It is not like a case where part of the understanding is that title shall not pass until the seller finds a house, *Drake v. Sweet,* 325 Mass. 542, nor where the arrangement between a broker and his principal is such that the broker shall bring about an actual sale of the property, *Munroe v. Taylor,* 191 Mass. 483; *Smith v. Kimball,* 193 Mass. 582, 585; *Cohen v. Ames,* 205 Mass. 186, 188; *Staula v. Carrol,* 312 Mass. 693, 694; *Rich v. Mezzetti,* 323 Mass. 469, 470, nor where the buyer has failed to comply with the condition of the Purchase and Sale Agreement. *Clark v. Bonner,* 217 Mass. 201.

The situation before us is more like the situation in *Fitzpatrick v. Gilson,* where the broker signed up the customer and the seller. It was held that by signing the Purchase and Sale Agreement the seller had accepted the buyer and that after that, failure of performance was immaterial so far as the broker's commission was concerned. In that case, the seller was unable to give good title so that the buyer declined to go through with the transaction. The transaction was finished so far as the buyer and seller were concerned, but the broker was entitled to his commission. In the present case, the fact that the buyer has an option whether or not to proceed with

the purchase, has no bearing on the broker's right for commission.

The seller having accepted the buyer by signing the agreement, acknowledged his liability to the broker. *Fitzpatrick v. Gilson* and *Menton v. Melville,* supra. The broker's position is not weakened by incorporating in the Purchase and Sale Agreement defendant's promise to secure the appraisal and certificate, — something which defendant was so confident he would procure that on his invitation, the buyer entered and occupied the premises pending the consummation of the contract.

The report is ordered dismissed.

Brown & Brown of Bedford, for the Plaintiff.
David B. Goldberg of Boston, for the Defendant.