ROGER W. LOVE *vs.* DANIEL R. SORTWELL.

Suffolk.  March 27. — May 25, 1878.  AMES & MORTON, JJ., absent.

A. gave a bond to a firm to reconvey, within a certain time, land which the firm had conveyed as security for future advances, upon repayment of such advances. A. advanced a certain sum, and, at the request of one member of the firm, subsequently guaranteed in writing, with the understanding and agreement that he was to rely on the land to save him from loss, a note of the firm, which he was obliged to pay. A. took possession of the land for breach of condition. The firm subsequently became bankrupt, and the assignee in bankruptcy sold his rights in the land to B., who had full notice of A.'s claim that the amount of the note was a charge on the land. *Held*, on a bill in equity by B. against A. for the specific performance of the agreement to reconvey, that, whether the guaranty was included within the terms of the bond or not, B. could not maintain the bill, without offering to pay the debt arising thereby from the firm to A.

BILL IN EQUITY for specific performance of an agreement to convey land. Hearing, upon the pleadings and proofs, before *Ames*, J., who made a decree dismissing the bill; and the plaintiff appealed to the full court. The facts appear in the opinion.

*G. B. Upham*, for the plaintiff.

*G. W. Park*, for the defendant.

ENDICOTT, J. It appears from the report that Benjamin F. Sylvester, on June 3, 1872, conveyed the real estate in question to the defendant. On the same day the defendant gave a bond to Sylvester and Sias, who were partners, to convey the land to them at any time within two years upon payment of all sums advanced them with interest. It contained a covenant on the part of the defendant to convey whenever they should pay therefor as set forth, and should cancel all indebtedness to him and all taxes on the land. It also provided that Sylvester and Sias, their heirs and assigns, should occupy and improve the land, free from rent and charge, as long as they paid interest and taxes, during a term not exceeding two years, unless a conveyance was in the mean time made. The term of two years was afterwards extended to five years. No money had been advanced to Sylvester and Sias at this time, but the conveyance and bond were made as security for certain advances which the defendant had agreed to make, the amount of which had not been definitely determined. In October and November, 1872, the defendant advanced to the firm $10,000, which has never been paid. In July, 1876, the defendant, at the request of one of the partners, bound himself by a written guaranty to pay a note of the firm. This note was not paid by the firm at maturity, and the defendant was obliged to pay and now holds it as a debt against the firm; and the report finds that the guaranty was given with the understanding and agreement that the defendant was to rely upon the real estate conveyed to him to secure him from loss.

In December, 1876, the defendant took possession of the real estate for breach of the condition of the bond. In February, 1877, Sylvester and Sias were duly declared bankrupt, and an assignee was appointed, who sold and conveyed all the rights of the bankrupts in the real estate to the plaintiff. At the time of the sale, the plaintiff was distinctly and fully notified that the defendant claimed and would insist that the amount which

he had paid on the note was a debt which was to be paid to him before he could lawfully be required to convey the real estate.

The plaintiff has brought his bill for specific performance of the covenants of the bond, and it is familiar learning that courts of equity will not decree specific performance of an agreement, except in those cases where, in the exercise of a sound and reasonable discretion, it would be just and equitable to do so. Assuming that such a bill could be maintained for the benefit of the plaintiff, to enforce performance of such rights as Sylvester and Sias had to a conveyance, of which rights he is the assignee, it is very clear, upon the facts before us, that he can have no greater rights than they had, and that he is bound to do all that they would be required in equity and good conscience to perform, before obtaining a decree of specific performance. One of the firm induced the defendant to guarantee the note with the express understanding and agreement that the real estate was security for it; and it appears, from an examination of the evidence, that both parties at the time were of the opinion that the defendant was, by the terms of the bond, entitled to be secured from any loss resulting from the guaranty.

It is unnecessary to consider whether the sum paid by the defendant upon his guaranty of the note is strictly within the terms of the bond; the parties agreed that it was, or that it should be so considered; and whatever might be the rights of Sylvester and Sias at law, a court of equity would not help them to a conveyance without paying that sum.

The plaintiff had notice, before he completed his purchase, that the defendant claimed the sum paid on the note; and he can only have specific performance, by paying all the sum that Sylvester and Sias agreed to pay before obtaining a conveyance. That sum was in equity a charge upon the real estate in the hands of the defendant, and became part of the debt which the plaintiff must pay. As he declines to do this, the decree of the single judge must stand.                    *Bill dismissed.*