## WARREN WASS vs. HARRIET A. MUGRIDGE.

Middlesex. Jan. 14. — Feb. 27, 1880. COLT & LORD, JJ., absent.

A. conveyed to B. a parcel of land, an undivided half of which was then owned by C., to whom it had been conveyed in trust for D. during his life. The consideration of this deed was paid by D., the purchase was made for his benefit, and he had the control of the premises. Before the conveyance to B., D. agreed to sell this half to A., and a deed of it was drawn, signed and acknowledged by C., but it was not signed by D., and remained in his possession. D., about the same time, accepted the note of A. for the amount of the consideration named in the deed, but this note has never been paid; and D. refused to deliver the deed. *Held*, that a bill in equity would not lie by B. against D. to compel him to deliver this deed to B., to assign and convey to him all D.'s interest in the estate, and secure to him a perfect title, or, if it was not in D.'s power to do so, to make compensation in damages.

BILL IN EQUITY, filed May 14, 1877, to compel the defendant to deliver to the plaintiff a deed of certain real estate in Stoneham, to assign and release to him all her interest in the estate, and secure to him a perfect title therein, or, if it was not in her power to do so, to make compensation in damages. At the hearing, *Gray*, C. J., dismissed the bill, with costs; and the plaintiff appealed to the full court. The facts appear in the opinion.

*W. B. Stevens*, for the plaintiff.

*B. E. Perry & S. W. Creech, Jr.*, for the defendant.

ENDICOTT, J. The plaintiff took a deed of the land from Andrew J. Leighton and George F. Leighton in 1873. At this time one undivided half thereof was owned by Elizabeth H. Soule, to whom it had been conveyed in 1871, in trust for the defendant during her life, and at her decease to other persons in fee. The consideration of this deed was paid by the defendant, the purchase was made for her benefit, and it is conceded that she had practically the control of the premises thus conveyed. Before the conveyance was made to the plaintiff, the defendant agreed to sell this undivided half for $350 in cash to George F. Leighton; and about the time of the conveyance to the plaintiff, in July 1873, a deed of the undivided half was drawn up, the consideration named therein being $350. It was signed and acknowledged by Elizabeth H. Soule, and was also signed by Sarah W. Soule, who was entitled to a share in the reversion on the

0

death of the defendant; but it was never signed by the defendant, and has since remained in her possession. The master has found that the defendant, about the same time, accepted the note of George F. Leighton for $350, as the consideration for the conveyance, which note was afterwards signed by Andrew J. Leighton. This note has never been paid by the Leightons, and the defendant in her answer avers her willingness, upon payment or proper security being given therefor, to execute and deliver the deed.

It is evident, upon this state of facts, that, whatever might be the rights of the Leightons at law, they would not be entitled in equity to specific performance of their contract with the defendant, except upon payment of the money due upon the note. The plaintiff by his bill seeks to compel the defendant to deliver this deed to him, and to assign and convey to him all her interest in the estate, and to secure to him a perfect title, so far as it is in her power to do so; and failing so to secure him to make compensation in damages. But he has not paid and does not tender payment of the note; and contends that he is entitled to the deed without payment.

The defendant has made no contract with the plaintiff; and assuming that the plaintiff, as grantee of the Leightons, could maintain a bill to enforce such rights as they had under their contract with the defendant for a conveyance, yet it is plain he can have no greater rights than they had, and that he is bound to do all which they would be required in equity and good conscience to perform before obtaining a conveyance. *Love* v. *Sortwell*, 124 Mass. 446. As he does not offer to do this, the decree from which he appeals must stand. *Decree affirmed.*