ABBIE A. RECORD vs. LORING W. LITTLEFIELD, executor.

Norfolk. March 11, 1914. — September 10, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Assignment. Husband and Wife. Agency, Scope of authority. Broker. Estoppel. Frauds, Statute of.*

Where in a suit in equity to compel the specific performance of a contract in writing, alleged to have been signed in behalf of the defendant, to convey certain land to the plaintiff, who was a married woman, it appeared that the contract provided for a sale and conveyance to the plaintiff's husband, and where throughout the trial of the case the plaintiff was recognized by the defendant as being the assignee of the contract, she was treated by this court as having the same rights under the contract that her husband had.

Where a real estate broker, who has been employed by a landowner to sell the land on certain terms, reports to his principal by telephone that a purchaser who will agree to those terms has been found, whereupon the principal says "It is all right; go ahead," this does not give the broker authority to make a contract in writing on those terms in the principal's behalf which will bind him under the statute of frauds.

Authority given by a landowner to a real estate broker to sell a farm for $7,000, of which $500 is to be paid in cash and the balance by a note secured by a mortgage on the property, does not estop the landowner from showing, in a suit brought against him for the specific performance of a contract in writing to convey the farm signed by the broker, that the broker had no authority to agree in his behalf to accept the purchaser's promissory note for a part of the $500 to be paid in cash.

BILL IN EQUITY, filed in the Superior Court on January 17, 1913, to enforce specifically the performance of a contract in writing for the sale and conveyance by the defendant to the plaintiff of certain real estate on the north side of High Street in the town of Avon called the Littlefield Farm, the contract being signed "Henry T. Anglin, Agent," and being alleged to have been made in behalf of the defendant and with his authority.

The contract in writing sought to be enforced purported to have been made with Sanford P. Record, who was the plaintiff's husband. It was as follows:

"Brockton, Mass., October 10, 1912.

"Received of S. P. Record, two hundred ($200) dollars as deposit on purchase of the L. G. Littlefield Farm on the North side of High Street in Avon, Mass.

"Purchase price seven thousand dollars ($7000).

"Five hundred ($500) dollars in cash (of which this deposit is a part) on delivery of deed and mortgage back for sixty-five hundred ($6500) dollars to run for two years at 6% per annum, with the privilege of paying the whole or any part (at option of mortgagor) at any previous time.

"Property at time of passing title to be free and clear of all encumbrance.

"It is hereby agreed that of the three hundred ($300) dollars in cash one hundred and forty ($140) dollars is to go as credit to said Record on a/c of commission and the balance of one hundred and sixty ($160) dollars shall be taken in the form of a three months' note payable to Henry T. Anglin, with the privilege of making payments of the whole or any part at any time before its due date.

"It is also agreed that the said Anglin will not put said note in any Bank for discount.

Henry T. Anglin,<br>Agent."

In the Superior Court the case was heard by *Lawton,* J. The evidence was reported by a commissioner appointed under Equity Rule 35. The material facts shown by the report are stated in the opinion. The judge made the following memorandum: "The contract set out in the second paragraph of the bill was signed not by the defendant but by Henry T. Anglin, Agent, and I am satisfied that the defendant authorized the signing of said contract. The plaintiff has performed her part of the contract and is entitled to a decree in accordance with the second prayer of her bill." The second prayer in the bill was that the defendant might be ordered to execute and deliver to the plaintiff a deed in proper form of the premises described in the bill.

A final decree was entered which ordered a specific performance of the contract; and the defendant appealed.

*C. N. Barney,* (*H. A. Murphy* with him,) for the defendant.

*C. M. Ludden,* for the plaintiff, submitted a brief.

BRALEY, J. The plaintiff is a stranger to the contract of which specific performance is asked. But, having been recognized by the defendant as if she were the assignee, her rights are the same

as those of her husband, whose name alone appears as the proposed purchaser. *Currier* v. *Howard*, 14 Gray, 511. *Wass* v. *Mugridge*, 128 Mass. 394.

The decree rests on the finding of the judge, that the contract set out in the bill, executed by "Henry T. Anglin, Agent," had been duly authorized by the defendant. It is settled that an agent appointed by parol may make a binding contract for the sale of the real property of his principal, and, if the agent signs only his own name, the principal can be held, if upon the whole instrument the intention to bind him and not the agent personally is manifest. *Emerson* v. *Providence Hat Manuf. Co.* 12 Mass. 237. *Williams* v. *Robbins*, 16 Gray, 77. *Baker* v. *Hall*, 158 Mass. 361. *Ledbetter* v. *Walker*, 31 Ala. 175. It would follow, that, R. L. c. 74, § 1, cl. 4, 5, having been satisfied, the plaintiff, who has performed her part of the contract, would be entitled to the relief given. *Dresel* v. *Jordan*, 104 Mass. 407. *Slater* v. *Smith*, 117 Mass. 96.

But, even under the familiar rule that the conclusions of fact reached by the judge, which depend upon the credibility of witnesses and the weight of the evidence, will not be set aside unless plainly wrong, the finding cannot be sustained on the record. *Taber* v. *Breck*, 192 Mass. 355.

The evidence for the plaintiff leaves no doubt that the defendant authorized Anglin, a real estate broker, to find a customer who would give $7,000 for the farm, $500 of which was to be paid in cash and the balance secured by a mortgage on the property. It is said in *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478, that "when a broker has found a customer for that for which his principal has employed him to find a customer, the broker has performed his duty and has earned his commission. . . . Making or not making a contract with the customer produced, enforcing or not enforcing a contract, if made, are matters for the broker's principal to do or not to do, as his ability and inclination determine; they are matters with which the broker is not concerned, and on which his right to a commission is not dependent." The owner, however, is not precluded from going further, and the broker may be instructed and empowered orally not only to find a customer able and willing to buy, but to make a binding contract. *Shaw* v. *Nudd*, 8 Pick. 9. *Heard* v. *Pilly*, L. R. 4 Ch. 548. *Lawrence* v.

*Taylor,* 5 Hill, 107. The conversation held over the telephone between Anglin and the defendant shows that Anglin informed him that a purchaser on the terms stipulated had been found. But the direction then given, "It is all right; go ahead," did not include authority to make a contract in writing in accordance with the proposed terms of sale which would bind the defendant. *Lyon* v. *Pollock,* 99 U. S. 668. The broker furthermore never having been instructed to accept the promissory note of the purchaser in part payment of the amount required in cash, there is no contract which can be specifically enforced. *Coddington* v. *Goddard,* 16 Gray, 436. R. L. c. 74, § 1, cl. 4. Nor is the defendant estopped, as the plaintiff urges, from showing the limitations of the broker's authority. The plaintiff's husband was not compelled to deal with him alone. Before acceptance of the contract tendered he could have gone to the defendant and have ascertained the scope of the agency. Having failed to make any inquiry, the plaintiff cannot complain if it appears that the broker exceeded his powers. *Dodd* v. *Farlow,* 11 Allen, 426. *Lowell Five Cents Savings Bank* v. *Winchester,* 8 Allen, 109, 118, 119.

It is not contended that there is any evidence of part performance sufficient to take the case out of the statute under the third prayer of the bill. *Williams* v. *Carty,* 205 Mass. 396. And the evidence is insufficient to show ratification. The letters of the defendant and his attorney to Anglin, the appointment by the defendant with the plaintiff of the time and place for passing title, the period elapsing between the sale and the meeting for performance, during which the defendant apparently obtained the assent to the conveyance of other parties interested in the estate, the execution of the mortgage deed with its recital in the granting clause of a deed from the defendant to the plaintiff, and the mortgage note which had been prepared by the defendant's counsel, the testimony that the defendant said he was to receive only $150 of the payment of $500 which had been actually made in cash, and the taking possession of the premises by the plaintiff, while circumstances of significance, do not charge the defendant either directly or by reasonable implication with notice or knowledge of the contract which had been delivered to and retained by the plaintiff's husband, but never exhibited to the defendant. *Combs* v. *Scott,* 12 Allen, 493, 497. *Foster* v. *Rockwell,* 104 Mass.

167, 171, 172.   The decree must be reversed, and the bill dismissed without costs.

*Ordered accordingly.*