## JOHN C. RIPLEY *vs.* CARL TAFT.

Worcester.    September 23, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Broker*, Commission. *Contract*, What constitutes. *Witness*, Cross-examination. *Practice, Civil*, Conduct of trial, Amendment.

At the trial of an action of contract for a commission for procuring a purchaser of the defendant's farm, there was evidence that in a conversation the defendant had said to the plaintiff that the purchase price was $7,000 net and that the plaintiff could have as his commission whatever a purchaser procured by him would pay above that amount; that the plaintiff procured a purchaser for $7,500 with whom he, purporting to act as agent for the defendant, signed an agreement for sale and from whom he received a deposit. He then told the defendant that the purchaser was to give a mortgage of $5,000 but that if the defendant did not wish to take the mortgage he, the plaintiff, would place it elsewhere; that the defendant said that he would let the plaintiff know about the mortgage later and that everything was satisfactory. *Held*, that

     (1) It would not have been proper to order a verdict for the defendant;

     (2) It would not have been proper to rule that on the evidence a commission was not to be paid unless there was a completed sale;

     (3) The question, whether the written agreement entered into by the plaintiff with the prospective purchaser was binding upon the defendant, was not material, as the rights of the plaintiff would not be affected by such agreement not being binding, if he had secured a customer on the defendant's terms who was able, willing and ready to purchase.

The manner and extent of cross-examination commonly rest in the sound discretion of the presiding judge.

Under G. L. c. 231, § 51, a trial judge after a verdict may allow a plaintiff to amend his declaration by adding further counts which may enable him "to sustain the action for the cause for which it was intended to be brought."

CONTRACT for a commission of $500 for procuring a customer to purchase a farm of the defendant. Writ dated December 6, 1922.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict

for the plaintiff in the sum of $571.21. The defendant alleged exceptions.

*C. W. Proctor,* (*J. C. McDonald & C. W. Gould* with him,) for the defendant.

*A. B. Cenedella,* for the plaintiff.

CROSBY, J. This is an action to recover a broker's commission for procuring a customer for the sale of the defendant's farm and certain farming implements and stock. The plaintiff testified that at his first conversation with the defendant the latter stated that he would like to dispose of his farm; and that at a later conversation the defendant told him what stock and farming implements he had on the farm and that he would sell it and the personal property for $7,000; that thereafter it was advertised for sale by the plaintiff in several newspapers; that the plaintiff showed the farm to one Sowa in the presence of the defendant, who said his price was $7,000; that the defendant told Sowa about the personal property and said that everything there went with the farm except some hens that belonged to a tenant, and some automobiles which were not included. The plaintiff further testified that on this occasion he was asked by the defendant who was to pay the plaintiff's commission; that he told him it was customary for the seller to pay, and the defendant replied, "My purchase price is $7,000 and I expect you to get your commission above that purchase price"; that the plaintiff then said, "If I receive a purchaser who is ready and willing to pay $7,500, $500 will be for me ?" The defendant answered, "I don't care what you make above $7,000, $7,000 is the purchase price for which I am willing." The witness then said, " 'If these people should not buy, if I bring another prospect here I understand you want a purchase price of $7,000 and commission, commission above that.' He says, 'that is the way I want it left.' "

Sowa did not purchase the property. Subsequently the plaintiff showed it to one Demettrick, who agreed to buy the farm and personal property for $7,500; and an agreement in writing, containing the terms of sale, was signed by the plaintiff, as agent, and by Demettrick. The plaintiff testified that after this agreement had been made, he told the

defendant in substance that he had procured a customer for the farm for $7,500; that the defendant replied he was glad of it, that the customer could have it, and that if the plaintiff got a customer who would pay $7,500 the plaintiff was to receive $500. The plaintiff further testified that at this interview he also told the defendant that the customer was to give a mortgage for $5,000 on the property, and that if the defendant did not want to take it, that he (the plaintiff) would place the mortgage with some one else; that the defendant said that he would let the plaintiff know about the mortgage later and that everything was satisfactory. When Demettrick agreed to purchase the property, he gave to the plaintiff a note for $100 as a deposit, which he afterwards paid.

Upon the foregoing testimony and all the other evidence, it could not properly have been ruled, as requested by the defendant, that a verdict be directed in his favor. There was evidence that a customer was procured by the plaintiff who was ready, willing and able to purchase the property at the price and upon the terms agreed upon by the defendant; and that the latter repudiated his contract with the plaintiff. It could not have been ruled, as the defendant contends, that on the evidence a commission was not to be paid unless there was a completed sale. If the jury believed the evidence offered by the plaintiff, a finding was warranted that he was employed to procure a customer who was able, willing and ready to purchase the property on the defendant's terms, and that the sale failed of consummation because of the fault of the defendant. *Witherell* v. *Murphy*, 147 Mass. 417. *Taylor* v. *Schofield*, 191 Mass. 1. *Walker* v. *Russell*, 240 Mass. 386.

If the written agreement entered into by the plaintiff with the prospective purchaser was not binding upon the defendant, *Record* v. *Littlefield*, 218 Mass. 483, it does not affect the rights of the plaintiff if he secured a customer on the defendant's terms who was able and willing to purchase. The obligation of a broker employed to procure a customer for the purchase of property is at an end, and he is entitled to a commission, when such customer has been produced. It is immaterial whether a contract between the seller and pro-

spective purchaser is made, or, if made, whether carried into effect; that is a matter with which the broker is not concerned and on which his right to a commission is in no way dependent. *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 478, 479. *Willard* v. *Wright,* 203 Mass. 406, 409. *Walker* v. *Russell, supra.* Cases like *Munroe* v. *Taylor,* 191 Mass. 483, and *Noyes* v. *Caldwell,* 216 Mass. 525, which held that nothing was due to the broker unless an actual sale was made, are distinguishable in their facts from those in the case at bar. If the defendant was not bound by the written agreement, there was evidence independent of it from which he could have been found liable to pay the plaintiff a commission for his services.

The exception to the ruling limiting the cross-examination of the plaintiff respecting his authority to sign the agreement cannot be sustained. The manner and extent of cross-examination commonly rest in the sound discretion of the presiding judge. *Munro* v. *Stowe,* 175 Mass. 169, 172. *Taylor* v. *Schofield, supra.* *Commonwealth* v. *Gettigan,* 252 Mass. 450. Besides, in view of what has already been said as to the materiality of the agreement, the defendant was in no way prejudiced by the ruling of which he complains.

The exception to the allowance of the motion to amend the declaration after verdict by adding further counts is without merit. Amendments may be allowed at any time before final judgment. G. L. c. 231, § 51. The court has power to allow an amendment which may enable the plaintiff "to sustain the action for the cause for which it was intended to be brought. . . ." *Laxton* v. *Hay,* 211 Mass. 463. *Savage* v. *Welch,* 246 Mass. 170.

*Exceptions overruled.*