Jones, P. J.
This is an action of contract by the plaintiff, a real estate agent, to recover a commission for the sale of real estate.
The defendant, the Commissioner of Banks of this Commonwealth, was in possession of the real estate in question, and made an agreement in writing to sell the same.. The plaintiff procured the purchaser to enter into this-agreement to purchase the property of the defendant. At the end of this agreement signed by the said purchaser and the defendant, the plaintiff signed the following:
“I hereby assent to the above agreement insofar as it relates to the terms of my commission.”
No question is raised by the defendant in relation to-the lack of any evidence that there is no approval of the sale in question by the 'Supreme Judicial Court, and we *165 pass only upon the ease as it is presented to this Division.
The defendant in his brief says that the sole question presented for determination is whether or not the plaintiff is bound by the clause of the written agreement of sale, which provides as follows:
“If the party of the first part (the defendant) shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease.”
We cannot agree with such a construction of this clause,. as the language cannot be held in any way to affect the rights of the plaintiff. The language is not broad enough to include the plaintiff. It relates only to the payment to bind the bargain made by the purchaser and to the obligations of either party to the agreement. It does not purport to include the plaintiff in its terms.
And it is to be further noted that the assent of the plaintiff to the agreement of sale is very limited in its terms and is restricted to an assent “only so far as it relates to the terms of my commission.”
It would seem that the clause in question is not a waiver of any commission that the plaintiff may be entitled to, but is only an agreement to the terms, so to speak, of the broker’s commission of four per cent to be paid to the plaintiff on the sale. It in no way affects to take care of any claim that the broker may have to a commission, if the sale in question was cancelled. Neither does the clause, which provides that if the party of the first part shall be unable to make the conveyance “all other obligations of either party hereunto shall cease”, because the word “either” can apply only to one or the other of the respective parties to the agreement, to wit:— The seller and *166 the buyer. It is not comprehensive enough to include a third party as this plaintiff. The plaintiff is not a party to the agreement in any sense. The agreement is one between Central Trust Company, party of the first part, and Jacob Melnichuk, party of the second part. The plaintiff assents to the agreement insofar as it relates to the terms of his agreement. He in no way releases any claim he may have to a commission. He in no form of words waives his claim for a commission, whatever it may be. The agreement in no form of words affects the plaintiff, excepting it contains a statement of a commission to be paid in case the sale goes through. It fails entirely to take care of a situation like the one involved. This is as stated in the report that “The defendant, through a duly authorized agent, employed the plaintiff to procure a purchaser” for the property in question. This, the plaintiff has shown that he did. He could not and was not obliged to do more. The defendant and Melnichuk signed the agreement. So far as the plaintiff was concerned, nothing more was to be done by him. The failure to consummate the sale was not the plaintiff’s fault. It was the fault of the defendant, because the defendant was unable to give a good title to a purchaser who was able, ready and willing to purchase the property in question.
The plaintiff satisfied all the requirements necessary to enable him to receive his compensation from the plaintiff.
Ripley vs. Taft, 253 Mass. 490, 492. Upon the authority of the case last cited, it could not have been ruled, in the case at bar, that no commission was to be paid the plaintiff unless there was a completed sale.
Plaintiff’s request for ruling numbered 2 that
“On all the evidence the plaintiff is entitled to recover for the reason that he has, as a matter of law, proven by competent evidence a full and complete performance on his part”
*167 should have been given for reasons stated above, as also plaintiff’s requests numbered
“6. The plaintiff in the instant case earned his commission when the defendant accepted the customer produced by the broker.
“7. Where a broker is a party to an agreement which provides unqualifiedly for the payment of a commission, he is entitled to his commission, it not being dependent upon actual sale.
“8. If, through the fault of the seller, the actual sale is not completed, the broker is nevertheless entitled to his commission.
* ‘ 9. That the sale in this case was not consummated through the fault of the defendant, and that the plaintiff is entitled to his commission.”
The plaintiff earned his commission when the defendant accepted the customer produced by the plaintiff. The court’s finding in saying “I find that the plaintiff was employed by the defendant to procure a sale of real estate belonging to the Central Trust Company” is not equivalent to the statement in the report which states ‘ ‘ The defendant . . . employed the plaintiff to procure a purchaser.” Bearing this in mind, the report states just what the plaintiff was to do. It was to procure a customer; this, he did, and this entitled him to his commission.
Howard vs. Malden Savings Bank, Mass. Adv. Shts. (1938) 801, 806.
The language of the report is that the plaintiff was employed to find a customer and the evidence shows that he did find such a customer, able, ready and willing to purchase the property, but the trade did not go through, because of defendant’s inability to give a good title. The terms of plaintiff’s employment were fully satisfied. Maher vs. Haycock, Mass. Adv. Shts. (1938) 1975. Walker vs. Rus *168 sell, 240 Mass. 386-390. Buono vs. Cody, 251 Mass. 286-290.
It has also been held that even if a broker’s right to a commission is conditioned upon the consummation of a sale, and through the fault of the vendor such sale is not consummated, the broker is entitled to his commission. Rosenthal vs. Schwartz, 214 Mass. 371.
We fail to see why the plaintiff was not entitled to his commission when the agreement for sale was made.
It is not necessary to consider the rulings requested by the plaintiff in hearing upon his motion for a new trial.
The finding for the defendant is vacated and judgment ordered for the plaintiff in the sum of one hundred and sixty ($160) dollars, with interest from the date of the writ.