WALLACE N. WRIGHT *vs.* JULIA A. YOUNG.

Suffolk.    March 7, 1900. — May 16, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Broker — Action — Services — Evidence.*

In an action to recover a commission for services as broker, evidence from which the jury may find that the plaintiff was employed to procure for the defendant a customer who would lend upon a note and certain real estate a certain sum, and that the plaintiff found a customer who was ready to make such a loan as the arrangement between the plaintiff and the defendant called for, and that the failure to consummate the proposed transaction was through the fault or neglect of the defendant, is sufficient to warrant a verdict for the plaintiff.

CONTRACT, to recover a commission for services as broker. At the trial in the Superior Court, before *Aiken*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*B. L. M. Tower*, (*E. O. Hiler* with him,) for the defendant.

*P. B. Runyan*, for the plaintiff.

KNOWLTON, J. This is an action of contract to recover a commission for services as broker rendered by the plaintiff to the defendant. There was evidence from which the jury might find that the plaintiff was employed to procure for the defendant a customer who would lend upon a note and certain real estate the sum of $10,000, and that the plaintiff found a customer who was ready to make such a loan as the arrangement between the plaintiff and the defendant called for, and that the failure to consummate the proposed transaction was through the fault or neglect of the defendant. It is unnecessary to consider the evidence in detail.

The exception that there was no evidence to warrant the submission to the jury of the question whether the defendant failed to furnish the information which was desired by the Beacon Trust Company in considering whether to make the loan should be overruled.   The plaintiff testified that he and the defendant were referred by Mr. Gale, the president of the company, to "Mr. Poor, the attorney of the company, who said he must see the will. . . . According to her statement the property was willed to her."   Mr. Poor testified, referring to the plaintiff and defendant, "they could not give me sufficient information so that I could say whether I would take the loan."   Mr. Gale, the president, testified, "I assured her if her statements were true we would loan."   There was evidence that the trust company required her personal note and that she refused to give it, and that she did not take measures to obtain the loan which was ready for her.                                                *Exceptions overruled.*