CHARLES DOUGLAS *vs.* HENRY MATZNER.

APRIL 16. 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J.    This is an action of assumpsit to recover a broker's commission.    On motion of defendant, at the conclusion of plaintiff's evidence in a trial by jury, plaintiff was nonsuited.    The case is in this court on the exception of plaintiff to the granting of the nonsuit.

The declaration charges that defendant engaged plaintiff, a real estate broker, to sell a lot of land and two houses, which defendant owned, for a fixed price of $30,000 and agreed to pay him a commission of three per cent of the selling price "if he should succeed in finding a purchaser for said

property"; that plaintiff did secure a purchaser who was ready, willing and able to purchase the property at the price fixed, wherefore plaintiff sues to recover the agreed commission.

The testimony which was brief was given by three witnesses, the plaintiff, one Samuel Labush, the proposed purchaser, and the defendant. On a motion for nonsuit the evidence is to be considered in any reasonable way which is most favorable to the plaintiff. The weight of the evidence is not a relevant consideration. If there is some evidence to support plaintiff's case, a nonsuit is improper.

In the case at bar there is evidence of these facts. In response to a telephone call plaintiff went to defendant's home; the defendant told him that he wanted to sell his real estate and, after some talk about its value and the amount of the rents, defendant said he would sell for $30,000 and would give plaintiff the usual broker's commission of three per cent if he procured a purchaser. Plaintiff at once advertised the property for sale in the newspapers. Samuel Labush saw the advertisement and requested plaintiff to call upon him. When informed by plaintiff of the location of the property and the price, Labush said that he knew the property; that the price, $30,000 was satisfactory and that he would buy it. When defendant was told by plaintiff of the success of his efforts and given the name of the purchaser, defendant told plaintiff he had known Labush for years and that in a few days he would carry through the transaction. At a second interview, defendant complained to plaintiff that he was earning his commission too easily and tried to induce him to agree to take less. This plaintiff refused to do. Defendant subsequently tried to put the sale through by another agent who was to work for a smaller commission, but Labush refused to deal with this agent, or to pay any larger price.

The defendant who was called by plaintiff as a witness was asked only a few questions about the number and amount of the mortgages on his property. He was unable to tell the

exact amount and said the total amount of the two mortgages was about $20,000 or $22,000.

Labush testified that he was ready, willing and able to pay the cash price or to take care of the mortgages and pay the balance; that he had $10,000 in cash on hand and could raise the balance whenever and if it was needed.

The reason for the nonsuit, as stated by the trial justice, was that there was never any meeting of the minds of the parties. The evidence, however, is undisputed that plaintiff and defendant did enter into an agreement which plaintiff performed by securing a purchaser who was acceptable to defendant.

The broker and the owner are of course bound by the particular terms of any contract they make. But in the absence of a special contract, the production of a purchaser able and willing to purchase on terms satisfactory to the seller, entitles a broker to his commission. *Peckham* v. *Ashhurst*, 18 R. I. 376. In *Morrow* v. *Gledhill*, 43 R. I. 277, plaintiff, a real estate broker, by the terms of an agreement with an owner was to find a purchaser for defendant's house and for so doing was to receive a commission on the purchase price. The broker procured a purchaser ready, willing and able to buy the property for the price fixed by the owner. It was held that in the absence of any stipulation in the contract and any knowledge by the broker of a defect in the title, the broker was entitled to recover the commission agreed upon, notwithstanding the fact that the sale was not consummated because of a defective title.

In *Cannon* v. *Staples, Ex'x*, 46 R. I. 300, a real estate broker, acting under an agreement with the owner, submitted an offer from a prospective purchaser, which was accepted by the owner, and an agreement was signed between the buyer and seller, but the latter deceased before the time fixed for the conveyance. It was held that the estate of the owner was liable and that it was no defense that the contract was never consummated as the broker had done all he had agreed to do.

The principal must have substantial grounds for refusing to complete a transaction in order to defeat the broker's right to his commission for finding a purchaser. 9 C. J. 626. If the failure to consummate the sale is due to the fault of the seller, the broker is entitled to his commission. *Tarbell* v. *Bomes*, 48 R. I. 86; *Wright* v. *Young*, 176 Mass. 100; *Dworski* v. *Lowe*, 88 Conn. 555. The defendant may have a good defense to this action; but on the evidence presented the failure to complete the sale was through defendant's refusal to perform his agreement to pay the broker's commission.

The exception of the plaintiff is sustained. The case is remitted to the Superior Court for a new trial.

*George Helford,* for plaintiff.

*Max Winograd,* for defendant.