Briggs, J.
This is an action in contract by which the plaintiff, a real estate broker, seeks to recover a commission for securing a customer for the purchase of the house of the defendant. The declaration is in two counts, the first on an account annexed for the amount of commission claimed, and the second alleges that the defendant employed the plaintiff to find a customer for said property and agreed to pay a commission of 3% per cent, and that the plaintiff did find a customer ready, able and willing to purchase. The defendant answered with a general denial.
The trial court found for the defendant. It also denied all of the requests for rulings duly made by the plaintiff. The fourth request was, “There is sufficient evidence to warrant a finding for the plaintiff. ’ ’
*170 Construing the evidence most favorably to the plaintiff it appears from the Report that in 1933 the defendant listed the said real estate with the plaintiff for sale at a price of $3000.00, and agreed to pay the broker’s commission. Pursuant to this the plaintiff advertised and made other efforts known to the defendant to effect a sale until 1941; that in 1941 the'defendant spent about $350.00 on the property for repairs and alterations; that prior to this work the defendant wrote to the plaintiff expressing a willingness to sell the property for less than $3000.00', and that after the repairs she again wrote to the broker expressing her willingness to sell for $3500.00', and also talked with him stating that the price was then $3500.00:
In July, 1942, the plaintiff told the defendant he had a customer for the property and asked permission to show it, which was granted by the defendant. Following this, and as a result thereof, the plaintiff received a deposit from the customer on the price of $3500.00', the balance to be in cash. The plaintiff communicated these facts to the defendant who, after a short delay, replied that she had made up her mind not to sell, and refused to consummate the transaction. It further appeared that the customer was at all times ready, willing and able to complete the purchase. No evidence relating to termination of any relations of the parties was asserted. See Wright vs. Young, 176 Mass. 100.
The ruling by the Court was, in effect, that as a; matter of law there was no evidence to warrant a recovery by the plaintiff, or sufficient to go to a jury. A party has the right to ask the Court to rule upon the legal effect of evidence. Brightman vs. Eddy, 97 Mass. 478. At that stage of the proceedings the Court does not pass upon the weight of the evidence, but is only to determine whether there is any evidence sufficient to go to the jury. Hillyer vs. Dichinson, 154 Mass. 502.
*171 The granting of sneh a request does not require a finding in favor of the party making the request. A finding one way or the other may be warranted as a matter of law, but not required as a matter of law.
The record in this case is not fairly susceptible of the construction that this request was rendered immaterial by the findings of fact made by the Court, and because we believe that the evidence before the trial court was sufficient to be considered by a jury upon the issue of whether there was an implied contract of authorization between the parties, which was never revoked, and was fulfilled by the plaintiff we are of the opinion that there was prejudicial error in the denial of the 4th request.
The finding for the defendant is to be vacated and the case is to stand for a new trial.