DAVID S. WINE *vs.* SAMUEL LOVETT.

JUNE 26, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action in assumpsit for a broker's commission. The trial in the superior court resulted in a verdict for the plaintiff for $750, and thereafter the defendant's motion for a new trial was heard and denied. The case is before us on defendant's exceptions to certain rulings on evidence and to the denial of the motion for a new trial.

The controlling issue in this case is one of fact and not of law. Both parties agree that a broker for the sale of real estate is not entitled to a commission unless he procures a customer ready, able and willing to buy on terms satisfactory to the seller. In other words, the broker must be the procuring cause of the sale. *Cavanaugh* v. *Conway*, 36 R. I. 571; *Douglas* v. *Matzner*, 51 R. I. 1.

A brief outline of the conflicting evidence will serve our purpose. The plaintiff's testimony was to the effect that while he was painting a house on Sackett street in the city of Providence for defendant, who was a dealer in real estate, the latter agreed to pay him a 5 per cent commission if he found a buyer who would pay $15,000 for the house; that acting in accordance with the terms of such agreement plaintiff obtained two prospective buyers for the property, one of whom was Bernice Lundy, and the other Sophie Cooperberg, wife of David Cooperberg, to whom it was ultimately sold; that plaintiff submitted the names of the prospective buyers to defendant, who refused to sell to either of them; and that shortly thereafter defendant conveyed the property to Morris Bochner, an intimate friend

of the Cooperbergs. Within a few months thereafter Bochner transferred the premises by quitclaim deed to Sophie Cooperberg. Inferences that reasonably could be drawn from certain exhibits and from the testimony of other witnesses were adverse to defendant and tended to support plaintiff's basic contention that the alleged .sale to Bochner was merely a subterfuge by defendant to avoid payment of a commission in accordance with his agreement.

The defendant, whose case rests almost entirely on his own testimony, categorically denied every material statement of plaintiff. The nearest he came to connecting himself with the transaction in question was when he testified that plaintiff informed him by telephone that he had a buyer for $15,000, but "He wouldn't tell me their name." The defendant admitted that Bochner and David Cooperberg were together when he signed an agreement to sell property to Bochner, but he denied knowing that the real purchaser was Sophie Cooperberg, one of the prospective buyers mentioned to him by plaintiff.

Directing our attention to defendant's motion for a new trial, it is well settled that this court will not disturb the decision of a trial justice on such a motion unless it is clearly wrong, especially if the appraisal of conflicting evidence depends upon the credibility of witnesses whom the trial justice had the advantage of observing while testifying. In the instant case he independently reviewed the evidence and sustained the jury's verdict by concluding that "the defendant attempted to run out from his legal obligation," and that "If ever justice was done, it was done in this case." From our examination of the record we cannot say that in the circumstances his decision denying defendant's motion for a new trial was clearly wrong. The exception thereto is overruled.

We have considered defendant's exceptions to rulings on evidence and find that they are without merit or are not prejudicial. Such exceptions are therefore overruled.

All of the defendant's exceptions are overruled, and the

case is remitted to the superior court for entry of judgment on the verdict.

*George C. Berk,* for plaintiff.

*Arthur N. Votolato, Leo T. Connors,* for defendant.